## LARSEN v. LACKAWANNA STEEL CO.

(Supreme Court, Appellate Division, Fourth Department.  May 4, 1910.)

1. MASTER AND SERVANT (§ 236*)—INJURIES—ACTIONS—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a mill foreman, was injured by being caught by a set screw upon a revolving shaft.  The shaft was in the open, and 12 or 15 feet from the ground; and plaintiff, while upon a platform just below it,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leaned against the shaft while it was revolving, and was caught by the set screw, which he knew was there. He had been working around the shaft for over two years. *Held*, that plaintiff was guilty of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 729; Dec. Dig. § 236.*]

2. MASTER AND SERVANT (§ 209*)—INJURIES—ACTIONS—ASSUMPTION OF RISK.
   Plaintiff assumed the risk of injury by leaning against the shaft.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 552; Dec. Dig. § 209.*]

3. MASTER AND SERVANT (§ 281*)—INJURY—ACTIONS—SUFFICIENCY OF EVIDENCE—KNOWLEDGE OF DANGER.
   In an action by a mill foreman for injuries by being caught by a set screw on a shaft, while leaning against the shaft, evidence *held* not to sustain a finding that plaintiff did not know that the set screw was on the shaft.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 989; Dec. Dig. § 281.*]

Appeal from Trial Term, Erie County.

Action by Peter Larsen against the Lackawanna Steel Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Rogers, Locke & Babcock and Evan Hollister, for appellant.

Hamilton Ward, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action is for negligence. Plaintiff was at the time of the accident an employé of defendant, and was injured by being caught by a set screw upon a revolving shaft. It is claimed the failure to guard the set screw, under the circumstances of this case, was negligence on defendant's part, and that such negligence was the cause of the accident and plaintiff's injuries. Very likely the jury were justified in finding these propositions in favor of the plaintiff. There was evidence for them, and we should not hold the verdict on this branch of the case was contrary to the evidence or the weight thereof.

The more serious questions relate to the contributory negligence of the plaintiff and his assumption of the risk. Plaintiff was foreman of the mill where the accident occurred. The shaft was in the open air, 12 or 15 feet from the ground. The plaintiff was upon a platform just below the shaft, while it was revolving, and leaned against the shaft, and (as the jury found) was caught by the set screw and seriously injured. Now, without going into an extensive discussion of these questions, I come to the real point that seemed to establish contributory negligence and assumed risk; that is, the knowledge by plaintiff that the set screw was there. If he had such knowledge, then he must have understood the danger of getting against it, and should have avoided it, and if he disregarded his own safety, and voluntarily submitted himself to the danger, he cannot call upon the defendant to

compensate him for the injuries received. He assumed the risk, and was guilty of contributory negligence, and the verdict of the jury finding for plaintiff upon these issues was contrary to the evidence and the weight thereof.

Plaintiff testified that in his position as foreman he was not called upon to do manual labor, but often did it; that he was to keep things going, and often helped, so as not to delay things; that he had been upon the platform by the shaft and set screw lots of times before the accident to look at the shaft when there was trouble with the belts, and looking to see if anything was loose, and lots of times when anything was loose, and if anything ran hot or heavy he would go up and see if the bearings were oiled, or anything of that kind; that on these occasions the shaft was sometimes still and sometimes in motion; that he was there lots of times when it was stopped, and then the collar, with the set screw in it, was within three feet of his eyes, and this was in the daytime; and yet he testified that he never *saw* or *observed the set screw,* and did not know it was there. Upon this evidence, given by the plaintiff himself, without considering any other evidence tending to show he *did* know of the set screw, a verdict finding that he did *not* know it should not be permitted to stand.

The shaft did not revolve very rapidly, and very likely the set screw could be seen while the shaft was in motion; but it certainly could have been, and was, seen by plaintiff when the shaft was standing still. He had been there over two years. He must have known and understood the use of a set screw in a collar on a shaft, and that one was there. His denial of knowledge of its presence is incredible, and may almost be said to be false as matter of law.

I therefore think the judgment and order should be reversed, and a new trial granted. All concur.