[2] It is manifest on the allegations of the present complaint that the right of the original defendant in the replevin action was merely to the temporary possession of the chattels as bailee. The carrier evidently, although it is not specifically so alleged, stored the chattels on the failure of the consignee or the plaintiff to surrender the bill of lading and remove the chattels. Since, however, the right to the possession of the chattels was vested in the plaintiff by virtue of the bill of lading, the warehouse company became its bailee. Fisk v. Newton, 1 Denio, 45, 43 Am. Dec. 649; Mayell v. Potter, 2 Johns. Cas. 371; Redmond v. Liverpool, N. Y. & Phila. S. S. Co., 46 N. Y. 578, 7 Am. Rep. 390; Western Transportation Co. v. Barber, 56 N. Y. 544; Tarbell v. Royal Exchange Shipping Co., 110 N. Y. 170, 17 N. E. 721, 6 Am. St. Rep. 350; Scheu v. Benedict, 116 N. Y. 510, 22 N. E. 1073, 15 Am. St. Rep. 426. As stated in the opinion of the Court of Appeals on the former appeal, if the plaintiff in the replevin action, instead of replevying the chattels, had taken possession thereof and removed them, it would have been liable in conversion either at the suit of the bailor or of the bailee. It is quite evident, I think, that Chief Judge Cullen in his discussion regarded the liability on the undertaking as a substitute for the cause of action that would exist for the conversion of the property if it had been removed without lawful process. It is manifest from his discussion of the questions that any recovery at the instance of the bailee would have been for the benefit of the bailor, and it seems to me that it follows that, since the bailor is the real party in interest, it is entitled to maintain the action on the undertaking. The third cause of action pleaded is for plaintiff's costs on the appeal in the replevin action; and, inasmuch as it is not claimed that defendants are not liable on that cause of action if they are liable on the first, it needs no separate discussion.

It follows, therefore, that the interlocutory judgment should be reversed, with costs, and the demurrer overruled with costs, with leave to the defendants to withdraw the demurrer and plead on payment of the costs of the demurrer and of the appeal.

CLARKE and HOTCHKISS, JJ., concur. INGRAHAM, P. J., and DOWLING, J., dissent.

---

(163 App. Div. 270)

HICKEY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

1. MASTER AND SERVANT (§ 180*)—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—EVIDENCE.

Where a collision between trains was caused by a lack of care of the engineer of one of them in applying the air brake, and not by a lack of air-brake equipped cars, required by Railroad Law (Consol. Laws, c. 49; Laws 1910, c. 481) § 79, the company was not liable for the death of the fireman of the other train, the accident occurring prior to Laws 1906,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

c. 657, making a railroad company liable for the death of an employé caused by the negligence of coemployés.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 359–361, 363–368; Dec. Dig. § 180.*]

2. APPEAL AND ERROR (§ 1006*)—VERDICT—CONCLUSIVENESS.

The fact that four verdicts at the trial terms, sustained by the trial judge, have been rendered for plaintiff does not prevent the court, on appeal from the judgment on the last verdict, from setting it aside on the ground of the insufficiency of the evidence as a matter of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951–3954; Dec. Dig. § 1006.*]

3. APPEAL AND ERROR (§ 1006*)—DISPOSITION OF CASE ON APPEAL.

Where an action has been tried four times and a verdict rendered for plaintiff at each trial, the court, on appeal from the judgment on the last verdict, unsupported as a matter of law by any evidence, will, as authorized by Code Civ. Proc. § 1317, dismiss the complaint and not award a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951–3954; Dec. Dig. § 1006.*]

Appeal from Trial Term, Steuben County.

Action by Elizabeth A. Hickey, administratrix of Charles D. Hickey, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

See, also, 155 App. Div. 877, 139 N. Y. Supp. 1126.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Halsey Sayles, of Elmira, for appellant.

James O. Sebring, of Corning, for respondent.

KRUSE, P. J. The plaintiff's intestate was a fireman in the defendant's employ. He was killed on October 21, 1904, in a head-on collision at Geneva, in this state, through no fault of his, and the question is whether the defendant was at fault His train was north-bound. It collided with a train south-bound. Just north of the point of collision the railroad is double tracked. The south-bound train should have stopped north of where the double tracks converge into a single track and let the north-bound train pass. But it went by that point onto the single track and the collision occurred. The north-bound train was drawn by two engines. The engineer on one of the engines and the plaintiff's intestate, a fireman on the other, were killed.

[1] It is contended on behalf of the plaintiff that the engineer of the south-bound train was unable to control its speed and to stop his train in time to prevent the collision, because the train did not have in it a sufficient number of cars equipped with air brakes. The statute makes it unlawful for a railroad company to haul, or permit to be hauled or used on its line or lines within this state, any freight train that has not a sufficient number of cars in it so equipped with continuous power or air brakes that the engineer on the locomotive drawing the train can control its speed without requiring brakemen to use the common hand brake for that purpose. Laws of 1893, c. 543, as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amended by Laws of 1900, c. 549; now incorporated in Consolidated
Laws, c. 49, § 79; Laws of 1910, c. 481, § 79. If this train did not
have in it a sufficient number of cars equipped as the statute requires,
and the collision resulted therefrom the defendant is liable. But the
defendant contends that the plaintiff has failed to show that. It in-
sists that the train had in it a sufficient number of air-brake equipped
cars to control the train, and that the collision occurred through an
error of judgment or want of care on the part of the engineer on the
south-bound train, in not putting on his air brakes properly and timely.
In the action brought by the personal representative of the deceased
engineer, this same ground of liability, among others, was urged. The
trial court held against the plaintiff in that case and nonsuited her.
The judgment entered upon the nonsuit was affirmed by this court
and by the Court of Appeals. Ruleff v. N. Y. C. & H. R. R. R. Co.,
117 App. Div. 917, 102 N. Y. Supp. 1147; Id., 190 N. Y. 556, 83 N. E.
1131. The personal representative of the deceased fireman, the plain-
tiff in this action, was more fortunate at the trial terms. The case has
been tried four times, and upon each trial the plaintiff has had a ver-
dict. The same ground of liability which is now urged was urged upon
each of the appeals before us. The verdict upon the first trial was set
aside by the trial judge as inadequate. The judgment entered upon
the second trial was reversed by this court upon the authority of the
decision in the Ruleff Case. Hickey v. N. Y. C. & H. R. R. R. Co.,
140 App. Div. 938, 125 N. Y. Supp. 1123. The plaintiff had a verdict
upon the third trial, and the judgment was reversed upon the distinct
ground, as stated in the decision, that the plaintiff did not prove that
the injury which caused the death of her intestate was due to the neg-
ligence of the defendant. 155 App. Div. 877, 139 N. Y. Supp. 1126.
The case comes here for the third time. We have given it careful con-
sideration, and think the evidence is substantially the same in effective-
ness as before. It fails to show, as we think, that the collision was
caused by a lack of sufficient air-brake equipped cars in the train.

Twelve of the 20 cars in the south-bound train had effective air-
brake equipment. If the engineer had applied his brakes a little sooner
than he did, he could have stopped his train. It had almost stopped
when the collision occurred. The track was wet and slippery, but the
engineer knew that, or should have known it. We think the evidence
fairly shows that the collision was caused either by a lack of care and
attention or error of judgment upon the part of the engineer of the
south-bound train, and not by a lack of air-brake equipped cars. The
defendant is not liable for the negligence of the engineer of the south-
bound train. The Barnes Act (Laws of 1906, c. 657) was passed in
1906, which was after the happening of the accident.

[2] Counsel for the plaintiff urges that we should allow this ver-
dict to stand, because the plaintiff has had four verdicts at the trial
terms, sustained by the trial judge in each instance. That suggestion
would be entitled to great weight if the evidence had been sufficient to
submit the case to the jury, and the verdict set aside only as against
the weight of the evidence. But where, as here, the reversal is upon
the law, the number of verdicts which a plaintiff may have obtained is

not potent. Even where the verdict is set aside as against the weight of the evidence, the controlling circumstance is not the number of times a jury may have decided a given question the same way, but rather, whether the verdict is the result of conscientious and intelligent consideration, or is influenced by passion, prejudice, or other improper considerations. We have frequently refused to set aside a verdict, even the second time, although the second verdict may be more favorable to the prevailing party than the first one, without a corresponding betterment of the evidence to sustain it, if the defeated party has had a fair trial and the trial is free from prejudicial error. Such a case is Larsen v. Lackawanna Steel Co., 138 App. Div. 375, 122 N. Y. Supp. 1077; Id., 146 App. Div. 238, 130 N. Y. Supp. 887. One fair trial is all a litigant is ordinarily entitled to as a matter of right. If the question here were simply the weight of the evidence, we would let this judgment stand. We have no doubt this verdict represents the intelligent and conscientious judgment of the jurors and of the learned trial judge who sustained it. The record is entirely free from anything that would warrant us in setting aside the verdict, except as we think the evidence is insufficient as a matter of law to establish actionable negligence against the defendant.

A motion to dismiss the plaintiff's complaint was made at the close of the evidence, and denied. We think it should have been granted. So far as the record discloses, all of the evidence offered by the plaintiff was received, and no error prejudicial to the plaintiff was committed.

[3] As has been stated, the action has been tried four times. We think a new trial should not be awarded, but under the provisions of section 1317 of the Code of Civil Procedure the complaint should be dismissed.

The judgment should therefore be reversed, and the complaint dismissed, with costs. All concur.