## SHAW v. MANUFACTURING COMPANY.

(Filed November 21, 1906).

*Master and Servant—Defective Appliances—Negligence—*
*Evidence—Res Ipsa Loquitur—Accidents—Presumptions*
*—Contributory Negligence—Question for Jury.*

1. In an action by a servant to recover damages for injuries received
   from the planks on a gangway slipping, he must prove that the
   gangway was in a defective condition, that its defective condition
   was the proximate cause of his injury, and that the master knew of
   its defective condition, or was guilty of negligence in not discover-
   ing and repairing the same.

2. Where the evidence shows a gangway built by a competent builder,
   upon a proper plan, of good material, capable of sustaining a num-
   ber of people and heavy weights, in good condition, and safe for the
   purposes for which it was intended, as tested by actual use, up to a
   few minutes before the plank fell with the plaintiff, the doctrine of
   *res ipsa loquitur* does not apply, and the plaintiff is not entitled to
   recover for injuries sustained.

3. The fact of an accident carries with it no presumption of negligence
   on the part of the employer.

4. In an action for injuries caused by the falling of a bed-plate of a cloth
   press, weighing several thousand pounds, it was a question for the
   jury to determine whether the plaintiff placed himself in a place of
   obvious danger, such as no prudent person would occupy, in stand-
   ing immediately behind and looking over the bed-plate as it stood
   on its edge, and directing a battering-ram which was being propelled
   against it from the opposite side.

ACTION by J. W. Shaw against Highland Park Manufac-
turing Company, heard by *Judge R. B. Peebles* and a jury,
at the October Term, 1906, of the Superior Court of MECK-
LENBURG.

Action to recover damages for personal injuries received
by plaintiff while in the employment of defendant. There
were two separate actions for distinct injuries at different
times. The actions were consolidated and tried upon a first
and second cause of action. As to first cause of action the

Court sustained a motion by defendant to nonsuit. As to second cause of action the Court intimated an opinion that upon the whole evidence he would instruct the jury that if they believed it the plaintiff was not entitled to recover. Thereupon plaintiff submitted to a nonsuit, and from the judgment rendered, appealed.

*Burwell & Cansler* and *McNinch & Kirkpatrick* for the plaintiff.

*Tillett & Guthrie* for the defendant.

BROWN, J. *First cause of action:* It appears from the evidence that the plaintiff was an employee of the defendant, and general utility man. On 12 August, 1904, plaintiff was ordered by C. W. Johnston, defendant's general manager, to assist Robert McAlister in measuring the quantity of brick-work in the walls of the power-house. Plaintiff and McAlister went upon a scaffold around the power-house by means of a gangway, which led from the ground up to the scaffold. McAlister walked on the same side of the gangway as he and plaintiff went up that the plaintiff walked on in returning. After plaintiff and McAlister had taken the measurements of the brick-work McAlister came down from the scaffold ahead of the plaintiff by means of the gangway. Horace Johnston, a boy, was walking down the gangway in front of Shaw, and, appearing to be frightened, plaintiff caught up with him, and walked down the gangway side by side with him, plaintiff walking on the two outside planks and Johnston walking on the two left-hand planks, plaintiff having hold of Johnston's right arm. This part of the gangway was about 12 feet above the ground. The two planks on which plaintiff was walking slipped off from the bench, or cross-piece, upon which they rested, falling with the plaintiff, whereby he was injured. The scaffold and gangway were erected by one Brown, a reputable contractor, who was doing the brick-work for a new mill by contract.

We deem it unnecessary to consider the question so ably argued as to defendant's liability for the injury of its servant upon the scaffold of the independent contractor. We concede for the sake of the argument that the gangway and scaffold were instrumentalities of the defendant, and then we are of the opinion there is no evidence of any breach of duty defendant owed plaintiff.

In order to entitle plaintiff to recover he must prove these facts: 1. That the gangway was in a defective condition. 2. That its defective condition was the proximate cause of his injury. 3. That the defendant knew of its defective condition, or was guilty of negligence in not discovering and repairing same. *Hudson v. Railroad,* 104 N. C., 491.

We think the plaintiff has failed on all three. The gangway was built by a reputable contractor and used constantly by his own employees without accident. There is no evidence that it was deficient in strength or improperly constructed. McAlister, a heavier man than plaintiff, had safely preceded plaintiff up the same gangway only a few minutes before. Plaintiff was a carpenter who had built scaffolds and was fully competent to judge of the safety and capacity of the one he ascended. The evidence shows a gangway built by a competent builder, upon a proper plan, of good material, capable of sustaining a number of people and heavy weights, with no evidence of its being out of repair; but on the contrary, all of the evidence showing that it was in good condition, safe for the purposes for which it was intended, as tested by actual use, up to a few minutes before the plank fell with the plaintiff.

We do not think, taking the evidence as a whole, the doctrine of *res ipsa loquitur* has any application in this case. The fact of an accident carries with it no presumption of negligence on the part of the employer. *Patton v. Railway Co.,* 179 U. S., 658. The case of *Railroad v. Barrett,* 166 U. S.,

617, is cited with approval in the *Patton case.* In that case it was held that the plaintiff, a servant who was injured by the explosion of a boiler, had not produced sufficient evidence to go to the jury when he proved the fact of the explosion and his injury thereby. The Court held that in order to make out his case he must establish not only that the boiler was defective, but must affirmatively establish such other facts as constitute negligence on the part of the master, to-wit, that the master knew of the defect, or by the exercise of ordinary care ought to have known of it.

There have been cases wherein the circumstances surrounding and connected with the occasion of the injury were such that they were permitted to go to the jury and to be considered by them upon the issue of negligence. This is not such a case. *Womble v. Grocery Co.,* 135 N. C., 474; *Stewart v. Carpet Co.,* 138 N. C., 60; *Ross v. Cotton Mills,* 140 N. C., 115.

*Second cause of action:* It appears from the evidence that plaintiff was again injured on 19 May, 1905, while engaged in assisting in and directing the work of tearing down a cloth-press in defendant's mill, preparatory to moving it to another part of the building. The press consisted of a top-piece and a bed-plate. Plaintiff had taken down the press and was endeavoring to separate the plunger from the bed-plate. The bed-plate was $4\frac{1}{2}$ feet long, $3\frac{1}{2}$ feet wide and $3\frac{1}{2}$ inches thick, and weighed several thousand pounds. It had a shaft called a "plunger" fastened in its center, which extended some feet from it and the end of which was supported by a chain. This plunger weighed about 1,400 pounds and worked up and down in a cylinder immediately under the bed-plate, which, by means of hydraulic pressure, was used to raise and lower the bed-plate when necessary. It was necessary to separate the plunger from the bed-plate in order to move the machine separately. As the bed-plate rested on its edge, it

leaned a little towards the plunger and away from the plaintiff, who was standing on the opposite side looking over the top of it at the plunger, while he directed two of the boys to drive it out of the bed-plate by hitting the latter first on one side and then on the other of the plunger with a piece of iron shafting weighing 40 or 50 pounds used as a battering-ram. When the plunger was knocked loose the bed-plate was driven over on plaintiff and broke his leg.

There was evidence tending to prove that Constable, the superintendent, was present and saw the manner in which it had been done. Plaintiff testified upon the question of negligence that he had demanded more help and also sufficient blocks and tackle to move the bed-plate, and that the superintendent refused or failed to furnish them, but directed him to do the work without them. Plaintiff also testified that if they had been furnished he would have fastened a chain around the bed-plate while it was on its edge, and have secured it so it could not have fallen when the blows on it succeeded in unfastening the plunger.

No question was made in the argument before us as to there being a sufficiency of evidence to go to the jury tending to prove the negligence. It appeared to be conceded that the intimation of his Honor as to his charge relates solely to the issue of contributory negligence. It is argued that the plaintiff, according to his own evidence, was in a position of great and obvious danger, such as no prudent man would occupy. It must be admitted that to stand immediately behind and look over a heavy bed-plate on its edge and direct a battering-ram which is being propelled against it is somewhat of a dangerous business. Whether it was so obviously dangerous that no prudent man would have acted under similar circumstances as the plaintiff did, we are unable to say. The jurors are more competent to pass on that question than we are. If from all the circumstances surrounding the plaintiff, the jury

should conclude that he had placed himself in a position of obvious danger such as no prudent man would be willing to incur, he would not be entitled to recover. *Marks v. Cotton Mills,* 138 N. C., 402. In taking this question from the consideration of the jury and drawing the conclusion himself, we think his Honor erred.

The judgment on the first cause of action is affirmed. As to the second cause of action, it is ordered that the cause be remanded for a new trial.

Let the costs of this Court be equally divided.

New Trial.

WALKER, J., did not sit on the hearing of this case.