LARSEN v. LACKAWANNA STEEL CO.

(Supreme Court, Appellate Division, Fourth Department.   July 11, 1911.)

1. APPEAL AND ERROR (§ 1005*)—VERDICTS—SUFFICIENCY OF EVIDENCE—VERDICT OPPOSED TO OPINION OF APPELLATE COURT.

Where a case has been fairly tried, and the verdict is not the result of favor or prejudice and is fairly sustained by the evidence, it should not be set aside on appeal simply because the opinion of the appellate court on the facts is not in accord with that of the jury and that of the trial judge who permitted the verdict to stand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3948–3954; Dec. Dig. § 1005.*]

2. MASTER AND SERVANT (§ 204*)—ASSUMPTION OF RISK—MACHINERY.

An unguarded set screw on a revolving shaft, by which plaintiff, while on a platform trying to ascertain the cause of a belt running off the pulley on the shaft, was caught and injured, is such a defect as to come within the provisions of the employer's liability act (Consol. Laws 1909, c. 31) relating to assumed risk, where proper notice has been served as required by the act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

3. MASTER AND SERVANT (§§ 288, 289*)—ACTION FOR INJURY—QUESTION FOR JURY.

In an action by the foreman of a steel company for injuries resulting from being caught by a set screw on a revolving shaft, the questions of assumption of risk and contributory negligence *held*, on the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1132; Dec. Dig. §§ 288, 289.*]

4. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—ERROR FAVORABLE TO PARTY COMPLAINING—INSTRUCTION.

In an action against an employer for injuries caused by being caught in a set screw on a revolving shaft, a charge as to the effect of plaintiff's knowledge of the set screw to defeat a recovery, while more favorable than the defendant was entitled to, is not reversible error where the evidence was such that the jury could and did find a verdict in favor of the plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Erie County.

Action by Peter Larsen against the Lackawanna Steel Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 122 N. Y. Supp. 1077.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Evan Hollister, for appellant.
Truman C. White and Hamilton Ward, for respondent.

KRUSE, J. The plaintiff, a foreman in the defendant's employ, was caught by an unguarded set screw projecting from a revolving shaft and thrown from a platform to the ground, a distance of about 12 feet, and seriously injured.

The action has been tried twice. Upon the first trial a verdict was rendered in plaintiff's favor for $4,700, and the judgment entered thereon reversed here and a new trial ordered. Larsen v. Lackawanna Steel Company, 138 App. Div. 375, 122 N. Y. Supp. 1077. Upon the second trial a verdict for $17,500 was rendered, which was reduced by the trial justice to $12,000, the plaintiff having consented thereto to avoid a new trial. The defendant again appeals to this court, contending among other things that the verdict is still excessive.

I think we should not again set aside the verdict, either as excessive or as against the weight of the evidence. While it is our duty to review the facts, and we do not hesitate to set aside verdicts which we regard as excessive or against the evidence, those questions must ultimately be settled by the jury in a case like this. And it not infrequently happens that cases come back on the second or third appeal with verdicts increased, which may possibly indicate that we have misjudged the question, at least as viewed by the tribunal which is the final arbiter thereon.

[1] Where a case has been fairly tried and the verdict is not the result of favor, passion, or prejudice, and is fairly sustained by the evidence, the verdict should not be set aside here simply because our judgment may not accord with that of the jury, and the trial judge who has permitted the verdict to stand.

The questions here are quite simple. The plaintiff was upon the platform, trying to ascertain the cause of a belt running off the pulley on the revolving shaft. He was rightfully there. His mind was evidently concentrated upon his work and not knowing, as he says, of the projecting set screw, he unconsciously leaned against the shaft or near enough to be caught by the set screw. If the defendant had guarded the set screw, as the law requires, the accident would not have happened. That it was practicable to guard the set screw and its location such as to make it reasonably necessary to do so, is clearly established.

[2] The only serious questions, as I view the case, are contributory negligence and assumed risk. As regards the latter, I think the unguarded set screw was such a defect as to come within the provisions of the employer's liability act, and therefore the provisions of that act relating to assumed risk are applicable to this case, the proper notice having been served as required by the act.

[3] That question, as well as contributory negligence, was a question of fact for the jury. In an action such as this, brought under the employer's liability act, where a workman is absorbed in his work and unconsciously puts himself in danger and is injured, through the failure of his employer to safeguard him as the law requires, I think it cannot be held as a matter of law that he assumes the risk, or is guilty of contributory negligence.

The case of Dillon v. National Coal Tar Company, 181 N. Y. 215, 73 N. E. 978, upon which the appellant relies, does not, as it seems to me, apply to this case. The Dillon Case was not brought under the employer's liability act. The questions of assumed risk and contributory negligence were determined under the rules of the common law; and, besides, I think there are other features of that case which distinguish it from this.

[4] The learned trial judge charged that if the plaintiff knew of the set screw at any time prior to the accident, or could have seen it by ordinary observation, either when the shaft was stationary or when it was in motion, the verdict must be for the defendant. I think the charge more favorable than the defendant was entitled to, the action being under the employer's liability act. But since the evidence was such that the jury could find a verdict in favor of the plaintiff, even under that rule, the verdict should not be disturbed.

I think the judgment and order should be affirmed, with costs. All concur; ROBSON, J., in result only.