(161 App. Div. 54)

## SIGEL v. AMERICAN SEATING CO.

(Supreme Court, Appellate Division, Fourth Department.   March 4, 1914.)

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—ACTIONS—EVIDENCE.
   In a personal injury action by a servant who had three fingers cut off in a planing machine, evidence of the master's negligence in failing to properly guard the machine *held* sufficient to go to the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. TRIAL (§ 140*)—CREDIBILITY OF WITNESSES—JURY QUESTION.
   The credibility of the witnesses is a question for the jury.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. § 140.*]

3. MASTER AND SERVANT (§ 209*) — INJURIES TO SERVANT — ASSUMPTION OF RISK.
   An employé who shaped boards, at a machine consisting of a wheel set with knives, assumes only those risks which remain after full performance by his employer of all obligations to safeguard the machine.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 552, 553; Dec. Dig. § 209.*]

4. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—ACTIONS—BURDEN OF PROOF.
   In a personal injury action by a servant, the master has the burden of proving contributory negligence.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

5. MASTER AND SERVANT (§ 289*) — INJURIES TO SERVANT — ACTIONS — JURY QUESTION.
   In a personal injury action by a servant hurt while using a planing machine, the question of his contributory negligence *held*, under the evidence, for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

6. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY OF EVIDENCE.
   An instruction based on a hypothesis which has no basis in the evidence is properly refused.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

   Robson and Merrell, JJ., dissenting.

Appeal from Trial Term, Erie County.

Action by Henry Sigel against the American Seating Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Clinton B. Gibbs, of Buffalo, for appellant.
Dana L. Spring, of Buffalo, for respondent.

LAMBERT, J.   The action is in negligence, and the plaintiff has had a verdict.   He was injured while working upon a "shaper" in the defendant's factory, suffering the loss of three fingers of his right

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hand. His regular work was not upon this machine, but, upon a few occasions, he had been there put to work by his foreman.

The "shaper" consists of a flat table, at the back edge of which is set, vertically, a revolving shaft, in which are inserted several small knives. Along the back edge of the table is a guide strip, slightly raised above the table top.

The work in hand, at the time of this accident, required the operator to hold the board, being trimmed, flatly upon the table top, and against the guide, and then to shove same along the guide and upon the table top until the work came into contact with the revolving knives. The work was held in place and moved forward by the hands of the operator held flatly upon it.

As a means of protection to the operator, a circular wooden guard was arranged, completely covering the knives, except that sufficient space was left between the bottom of the guard and the top of the table to permit the passing of the work underneath the guard and against the knives. With such a guard in proper adjustment, the operator could not possibly get his hands upon the knives, providing he held the work flatly upon the table and closely against the guide.

The negligence of the defendant is sought to be predicated upon three theories; i. e., insufficient guarding, inadequate instruction to plaintiff, and a defective condition of the machine itself. Each of these grounds of negligence was submitted to the jury, and hence this appeal involves the sufficiency of the evidence to sustain the verdict of the jury upon each.

[1, 2] As to the guarding, it is conceded that, if the guard produced upon the machine, at the trial, is the one thereon at the time of the accident and had the same adjustment, then plaintiff could not have been injured, if he held the work in proper position. There would not then have been sufficient room between the top of the work and the bottom of the guard to admit his fingers to the knives. He and several of his witnesses testify that plaintiff did hold the work in proper position, flatly on the table and against the guide, and it is conceded that he did get his hand against the knives. Then, too, the witness Haas testifies that he was present and at once, following the accident, measured the distance between the top of the table and the bottom of the guard; that he found such measurement sufficiently large to admit both the work and plaintiff's fingers at the same time. In such testimony he is supported by the witness Bogarke, who testifies to having witnessed the measurement as taken. If the guard (assuming it to be the same one produced at the trial) was adjusted as this testimony indicates, then it cannot be seriously urged that it was sufficient as a guard. So far from affording any protection, it actually increased the danger to the operator. It was effective only in concealing the knives from view, and afforded no protection whatever.

It is true that many witnesses identify the guard produced upon the trial as the one on the machine at the time of the accident and testify that its adjustment is the same, but it is apparent that such testimony rests largely in a general recollection of appearances rather than in specific identification. The credibility of all the witnesses, including

Haas and Bogarke, was for the jury, and, if they believed those two witnesses, then they were justified in finding either that the guard upon the machine at the time of the accident was not that produced upon the trial or that, if the same, it was then differently adjusted. Either conclusion is sufficient to sustain the jury verdict, and clearly a jury question was presented.

As to the instructions given, it appears that "Polish Frank," the foreman, told plaintiff to stand at the side of the table, so as to push the work away from his person, past the knives. In this connection, the witness Rohlfs, called as an expert, testified that such was an improper position, as it brought the hands of the operator into closer proximity to the knives than would a position in front of the table. Quite obviously this is true, and there was no error, therefore, in the submission of the question of instructions.

As to the defective condition of the machine, Haas testified that the babbitting of the boxes upon the shaft was so worn that the shaft ran loosely and "rattled." Several other witnesses also testify that it did rattle, when in operation, and that it would not, if in good condition. It also appeared, without objection, that shortly after the accident it was repaired. It is quite apparent that, if this shaft was revolving loosely in its boxes, the result would be an uneven and jerky movement of the knives and attendant and resulting difficulty in holding the work in place. This question presents no difficulty.

[3] We are urged to hold that plaintiff assumed the risk, of such an accident as this, from the nature of his employment, and to reverse the judgment and order for that reason. It is now well established that under such circumstances, as here present, a servant assumes those risks, and those only, which remain attendant upon the employment after full performance by his employer of all his obligations to safeguard his employé. Fitzwater v. Warren, 206 N. Y. 355, 99 N. E. 1042, 42 L. R. A. (N. S.) 1229. Thus it is made plain that the question of assumed risk is here dependent upon the question of fact as to sufficient guarding, and, the jury having found favorably to plaintiff, no question of assumed risk remains.

[4, 5] Defendant further argues that the evidence shows plaintiff guilty of negligence contributing to the accident. Such contention is based upon the claim that the plaintiff permitted the work to slip off the table, thus leaving space for his fingers to reach the knives, under the guard, with the guard in proper adjustment. In this connection, the frequent statement of plaintiff that he did not know how the accident happened is seized upon by defendant. Of course it is true that, upon the question of defendant's negligence, plaintiff must point out the manner in which the accident happened. But this statement by plaintiff is not to be given the sweeping effect claimed by the defendant. Plaintiff evidently did know, for he testified that he held the work in proper place, and from that evidence, supported by the other testimony in the case, the jury might find such to be the fact. And, even though plaintiff was unable to recall the rapid sequence of events and to trace cause and effect to the resulting injury, that failure of recollection should not, of itself, prevent his recovery. It is a fair

inference that the injury to plaintiff occurred at practically the same moment that the board upon which he was working went off the table, and it was a fair question for the jury, in the light of all the proof, to determine the sequence of events and what was the cause and which the effect. The burden of showing plaintiff's contributing negligence was upon the defendant. Here, as in all negligence cases, the plaintiff's proof of the accident involves, to some extent, the basis for the charge of contributory negligence. But with all the proof in the case, if an inference is justifiable therefrom, which exculpates the plaintiff from the charge of negligence, then a question of fact is presented for the jury. It cannot be said that the evidence in this case so clearly meets the burden imposed by law upon the defendant, in that particular, that we can hold plaintiff negligent, as a matter of law, or that the verdict reached is contrary to the weight of the evidence.

[6] The record presents a single exception requiring mention. The court was asked to charge that if the jury found that plaintiff met with the injury by getting his hand under the guard and into the knives at a time when the board was not upon the table, the verdict must be no cause of action. This request has no foundation in the facts. But one witness, besides plaintiff, saw the accident. This witness Swartz, sworn by the defendant, testified that he saw plaintiff's hand drop onto the knives and the board went onto the floor. This witness says:

"He slipped onto the knives, and the top dropped, and, while he slipped, it seems he caught the knives, and he dropped the top with his left hand, and his hands went into the knives."

It is apparent from this and other testimony from this witness that the dropping of the board from the table, and the injury to plaintiff's right hand, were practically simultaneous occurrences, resulting from the same producing cause. There is no evidence in the case that plaintiff's hand slipped into the machine after the board had fallen to the floor. The court was therefore justified in declining to instruct the jury as requested.

The judgment and order should be affirmed, with costs. All concur except ROBSON and MERRELL, JJ., who dissent.