G. P. AMMONS v. WYSONG & MILES MANUFACTURING COMPANY.

(Filed 22 April, 1914.)

1. Master and Servant—Fellow-servant—Concurring Negligence.

While the master, unless otherwise provided by statute, is not answerable in damages caused to his servant by the negligent acts of his fellow-servant, the exemption from such liability is when the negligence of the fellow-servant is the sole cause of the injury complained of; and where the failure of the master to provide a safe place to work and safe appliances for its prosecution concurs with the negligent act of the servant in producing the injury, the master is held responsible for the consequent injury.

2. Trials — Master and Servant—Negligence—Evidence—Nonsuit—Questions for Jury—Contributory Negligence.

The plaintiff, a servant of the defendant, was engaged with a fellow-servant in unloading a heavy machine from a railroad car. The method of unloading was to jack up the object 7 or 9 inches from the car floor and fasten around it a heavy chain hitched to a traveling crane, and in moving the machine the employees walked along with it to hold it in position. The plaintiff's fellow-servant had fastened the chain around the machine while the plaintiff was temporarily absent, and as they moved off, in the manner described, the machine suddenly dropped upon the plaintiff's foot, causing the injury complained of. There was evidence tending to show that the hooks of the chain were defective from long service, of which the defendant had actual or

165—29

constructive notice, which prevented them from being securely fastened, and that if they had not been defective, the injury would not have occurred: *Held*, it was for the jury to determine upon the evidence whether the injury was attributable to the employer's negligence in not providing a proper chain, if so found, or whether such negligence concurring with that of the fellow-servant in fastening the chain produced the injury; and further held, the issue as to contributory negligence was properly submitted to the jury; and that a motion as of nonsuit should have been denied.

APPEAL by plaintiff from *Shaw, J.,* at November Term, 1913, of GUILFORD.

Civil action to recover damages for alleged negligent injury on part of defendant company. At the close of plaintiff's testimony, on motion duly made, there was judgment of nonsuit, and plaintiff excepted and appealed.

*J. A. Barringer for plaintiff.*
*F. P. Hobgood, Jr., for defendant.*

HOKE, J. . There was evidence on part of plaintiff tending to show that, on or about 19 June, 1912, plaintiff, an employee of defendant company, while in performance of his duties, was hurt by reason of a heavy machine, called a planer and matcher, falling on his feet and causing very painful and serious injuries; that the machine in question weighed from two to three tons, and plaintiff was directed by the superintendent or boss to assist another employee, named Sanes, in removing the machine from a car on the defendant's premises; that this was done by jacking up the object 7 to 9 inches from the floor; then a heavy chain was fastened around it, hitched to a traveling crane and removed, the employees walking along to hold same in position; that plaintiff, being employed elsewhere, was delayed a little, and, when he reached the place, Sanes had the machine encircled with the chain; the same was jacked up and he and Sanes being in position to guide the movement, plaintiff was asked by another employee, named Walker, to show him the ticket on the machine; he wished to ascertain where it was from, and, as witness turned his head to reply, machine, for some reason, fell on both of plaintiff's feet.

There was also evidence tending to show that the chain supplied for the purpose had diamond shaped hooks at the end by which it could, when the hooks were in proper condition, have been securely fastened, either to each other or by catching in a link of the chain, but that, by use in hoisting or moving heavy bodies, these hooks had spread so that the fastening was insecure and they were liable to slip their hold; that the condition had existed for six to eight months, and the superintendent of defendant had been notified about it by Sanes or some other of the employees; that witness was hired as a helper in the overhauling room of defendant's shop and was to go and help at different things as directed by Mr. Will Vaughn, the machinist.

Speaking directly to the occurrence and his position at the precise time, the plaintiff, testifying in his own behalf, said: "He had it fixed when I got out there. It fell on me. We were ready to push it in the house. Me and him was around on the west side of the machine, and I was a little in front of him, to get around, and he was right behind me. I got around and got myself in position to move it as a man will work. I got around and got to my place, which was anywhere I could get hold. I was on the east side of it. About the time I got around there, Mr. Walker came and wanted to see the ticket. This was just before Mr. Sanes got around. I told Mr. Walker I didn't know anything about the ticket. I had seen one on it, but I didn't know what it was nor where it was from. That is what he wanted to see, to see where the machine was from. It was a second-hand machine, and he came and walked up and he reached over after the ticket and came up to my left side. I don't know whether he touched me on the shoulder or not. Everything was done so quick, just like firing a gun. The next thing I knew I was hollering for them to get it off. The front end of the machine fell on both of my feet, but it caught more of my left foot than it did of my right one. Just caught two toes of my right foot."

On this, a fair summary of plaintiff's evidence, the Court is of opinion that the cause should have been submitted to the jury.

It is established by repeated adjudications in this State that an employer of labor, in the exercise of reasonable care, must provide for his employees a safe place to do their work and supply them with machinery, implements, and appliances safe and suitable for the work in which they are engaged, and to keep such implements, etc., in safe condition as far as this can be done by the exercise of proper care and supervision. *Pigford v. R. R.,* 160 N. C., 93; *Young v. Fiber Co.,* 159 N. C., 376; *Alley v. Pipe Co.,* 159 N. C., 327; *Patterson v. Nichols,* 157 N. C., 406; *Mercer v. R. R.,* 154 N. C., 399.

Our cases further hold that while an employer, unless other-wise provided by statute, as it is in case of railroads, is not liable when an injury arises from the negligence of a fellow-servant, this must be understood in cases where the injury complained of is due entirely to the wrongful conduct of the fellow-servant, and the principle does not apply when the negligence of the employer and the fellow employee concur in the result, the plaintiff having been free from blame. *Wade v. Contracting Co.,* 149 N. C., 177.

On careful perusal of the evidence as it is now presented, and applying the rule which uniformly prevails when judgment of nonsuit is ordered, that the evidence making in support of plaintiff's claim must be accepted as true and interpreted in the light most favorable to him, we think the case presents the permissible inference that plaintiff's injuries may be fairly attributed to the employer's negligence in failing to supply a proper chain for this work, or that defective chain and negligent manner of fastening same may have concurred in producing the result.

It is earnestly urged that the facts clearly disclose a case of contributory negligence on part of plaintiff, and that the judgment should be sustained on that ground, but we may not adopt this view as a necessary conclusion from the facts as they now appear. In this aspect of the matter, this case is not unlike that of *Shaw v. Manufacturing Co.,* 143 N. C., 131, and the issue of contributory negligence must also be submitted to the jury in the light of that well considered decision.

There is no error, and this will be certified, that the judgment of nonsuit be set aside and the cause submitted to the jury.

Reversed.