(165 App. Div. 702)

### BROWN v. ASSOCIATED OPERATING CO. ·

(Supreme Court, Appellate Division, Second Department.   January 22, 1915.)

SHIPPING (§ 84*)—LONGSHOREMAN—INJURIES—DANGEROUS PLACE—CONTRIBUTORY NEGLIGENCE.

> Where plaintiff, a longshoreman of experience, with knowledge that the after part of a hatch had been left open, protected only by a tarpaulin, in order to reach the starboard side of the ship, walked almost straight to the coaming of the hatch and fell into the hold at a point about two feet behind the tarpaulin curtain from no other reason than forgetfulness, he was negligent per se and could not recover for the injuries sustained.

> [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 342, 349–351; Dec. Dig. § 84.*]

Appeal from Trial Term, Kings County.

Action by Charles B. Brown against the Associated Operating Company.   From a judgment for plaintiff and from an order denying defendant's motion for a new trial, it appeals.   Reversed and dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and RICH, JJ.

Frank Verner Johnson, of New York City, for appellant.

Bertrand L. Pettigrew, of New York City, for respondent.

THOMAS, J.   A longshoreman of 30 years' experience, and a member of the group of laborers solely in charge of the place, fell through a hatch, the after third section of which was uncovered.   He came to the between-decks on the day before, and there learned of the precise conditions, which to his knowledge continued to the time of the accident, except that a tarpaulin was lowered from the after part of the open section of the hatch on the main deck to shield from rain the exposed part of the lower hatch, and canvas in a roof form was placed over the upper hatch, which two contrivances, especially the former, darkened the open hatch below.   Plaintiff had just come down the ladder, which rested on the port side of the covered part of the hatch. Thence he went somewhat aft to the wing to hang his coat, and then, for the purpose of reaching the starboard side, he walked almost

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

straight to the coaming of the hatch, and fell over into the hold at a point about two feet behind the tarpaulin curtain. He says that by reason of the tarpaulin he could not see the coaming or opening. In other words, without necessity, unconstrained by circumstances, he walked without hesitation or any pretense of care directly into a dangerous place that he knew existed even from the previous day. The appeal involves the right to forget under such state of facts. The open place was not a way, but the plaintiff intended to make it such. He was not constrained to use it, as he could have retraced his steps to the closed part of the hatch, shut off by the tarpaulin from the open part, or he could have gone aft of the open part. There was nothing to divert his attention, nor hurrying command to disturb his prudence. There was no fact or interval of time that dimmed his knowledge that the opening existed or misled him to the belief that it had been closed. The opening was not within the care of men other than his associates. The hanging tarpaulin was a standing warning that the opening was there to be protected from the rain falling through the upper hatch. If there had been no opening, there would have been no shielding tarpaulin. He was not walking alongside the opening whereby he inadvertently encountered it. He started to walk athwart it in the darkness—even without groping, testing the way with his foot, or retarding his gait. He walked as if the space was a level floor, in the exposure of sufficient light.

This is not a case of suspended memory. Forgetfulness here means heedlessness. Men have been excused for forgetting defects of which they had some knowledge, but not for disregarding what they knew so well, and needlessly almost striding without care into an opening concealed by darkness. Unless one be constrained or induced, or be in emergency, it is usually per se negligent to walk in invisible places, whether the person is or is not familiar with what may be encountered. Rohrbacher v. Gillig, 203 N. Y. 413, 96 N. E. 733; Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Fitzgerald v. Newton Falls Paper Co., 204 N. Y. 184, 97 N. E. 457; Pattison v. Livingston Amusement Co., 156 App. Div. 368, 141 N. Y. Supp. 588; Seyford v. Southern Pacific Co., 159 App. Div. 870, 145 N. Y. Supp. 22; Krug v. American Sugar Refining Co., 120 App. Div. 537, 104 N. Y. Supp. 1072; Dailey v. Distler, 115 App. Div 102, 100 N. Y. Supp. 679; Weller v. Consolidated Gas Co., 198 N. Y. 98, 91 N. E. 286, 139 Am. St. Rep. 798; Sikorsky v. Martin & White Co., 210 N. Y. 513, 520, 104 N. E. 954. The darkness itself makes the act imprudent. What then shall be said of one who knows full well that there is a dangerous place shrouded from his sight, and without necessity adopts it for a way without an attempt at self-protection or thought of it. A man informed is not permitted to become at once ignorant and unconcerned. Persons have been excused by juries and the courts for inadvertently stepping in unsafe places of which they had knowledge, but the knowledge was slight, or remote in time, and so faded, or there was an allowable presumption that the danger had been removed, of which there was promise, or they came to the place with mind preoccupied by essential and absorbing duties and, maybe, while braving storms, or the defect was in a street or a

customary and necessary way, or warnings had been abated. Some or several of such elements have been present where forgetfulness has been excused. Bassett v. Fish, 75 N. Y. 303; Weed v. Village of Ballston Spa, 76 N. Y. 329; Palmer v. Dearing, 93 N. Y. 7; Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238; Boyle v. Degnon-McLean Construction Co., 47 App. Div. 311, 61 N. Y. Supp. 1043; Collier v. Collins, 58 App. Div. 550, 69 N. Y. Supp. 94; Thompson v. Levering & Garrigues, 155 App. Div. 554, 140 N. Y. Supp. 769; Kane v. Northern Central Railway, 128 U. S. 91, 9 Sup. Ct. 16, 32 L. Ed. 339. Indeed, in most of the cases, the persons were going along a usual way and met a defect of which they had at a time some knowledge, later weakened or obliterated by circumstances. In the case at bar there is not one of such elements present. The plaintiff simply discarded knowledge and with it all caution. No one would ever be negligent if it were sufficient to forget.

The judgment and order should be reversed, and the complaint dismissed, with costs. All concur.