EVANDER CONWAY, Appellant, *v.* GEORGE NAYLOR, JR., et al., Copartners under the Firm Name of NAYLOR BROS., Respondents.

Appeal — reversal by Appellate Division on question of law only — if there is no question justifying such action judgment of Appellate Division must be reversed — master and servant — negligence — contributory negligence of servant — when question for the jury.

1. Where it appears, under the rule declared by the statute (Code Civ. Pro. § 1338), that the Appellate Division has reversed a judgment solely upon a question of law and there is no question of law

justifying such action, the judgment of that court should be reversed and that of the Trial Term affirmed.

2. Plaintiff, at the time of his injury, was engaged in making necessary measurements for adjusting a clutch upon a swiftly revolving shaft near a collar, or band, on the shaft, in a position which was dangerous because set screws or bolts projected therefrom. The clothing of plaintiff was caught by a projecting screw so that plaintiff was whirled around the revolving shaft. The defendant's superintendent had been notified of the danger and had promised to remedy it. It appears from an examination of the evidence that the most that can be said is that reasonable minds may differ as to whether the plaintiff's acts constituted negligence and it cannot be said that the facts did not warrant a reasonable inference that the plaintiff was careful. *Held*, that the evidence was sufficient to present, upon this point, a question for the jury, and that it could reasonably be inferred that the plaintiff was injured while exercising care in the performance of his duties.

*Conway* v. *Naylor*, 170 App. Div. 230, reversed.

(Argued January 30, 1918; decided February 12, 1918.)

APPEAL from a judgment, entered December 22, 1915, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sydney A. Syme* for appellant. Defendants failed to prove that plaintiff was guilty of contributory negligence as matter of law. This was purely a question of fact to be decided by the jury, and the judgment should not have been reversed, nor the complaint dismissed, on this ground. (*Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100; *Sigel* v. *Am. Seating Co.*, 161 App. Div. 54; *Maloney* v. *Cunard Steamship Co.*, 217 N. Y. 278; *Palmer* v. *Dearing*, 93 N. Y. 7; *Larsen* v. *Lackawanna Steel Co.*, 146 App. Div. 238; *Brown* v. *Associated Operating Co.*, 165 App. Div. 702.)

*Thomas F. Curran* and *James B. Henney* for respondents. The plaintiff was guilty of contributory negligence. (*Larsen* v. *Lackawanna Steel Co.,* 138 App. Div. 375; *Kern* v. *Welz,* 151 App. Div. 432; *Kearney* v. *Hanlien,* 149 App. Div. 524.) Plaintiff cannot evade the fact that he knew of the condition and tried to escape by his forgetfulness. (*Brown* v. *Associated Operating Co.,* 165 App. Div. 704.)

CRANE, J. This is a master and servant case brought under the Employers' Liability Act. There have been two trials. The first recovery by the plaintiff was reversed and a new trial granted because of his contributory neglect. This second judgment for the plaintiff has been reversed upon the same ground, except that the complaint has been dismissed as the evidence, in the opinion of the Appellate Division, established the plaintiff's contributory negligence as matter of law.

We are of the opinion that the evidence was sufficient to present, upon this point, a question for the jury, and that it could reasonably be inferred that the plaintiff was injured while exercising care in the performance of his duties.

Contributory negligence under the Employers' Liability Act as it existed at the time of this accident was a matter of defense.

The plaintiff, a man fifty-five years of age, had been in the employ of the defendants for about eighteen years at Peekskill, N. Y. The defendants manufactured brick yard machinery, installing it with the aid of the plaintiff in various places throughout the state. On the twenty-ninth day of July, 1911, at Fishkill-on-the-Hudson, the plaintiff was erecting new brick machinery in the brick yard of O'Malley Bros., and at the time of the accident was adjusting the friction clutch between the main line shafting and a counter or secondary shafting attached to the machine upon which he was working. This main line shafting ran from the power engine in the

center of the yard in opposite directions — north and south — about eight feet above the ground, passing through the various brick machines so as to furnish them power. These machines were about one hundred feet apart. The power was transmitted from the main line shafting to the various machines by a friction with two gears which were thrown in and out. To adjust the clutch, it was necessary for the plaintiff to stand upon a scaffold about five feet above the ground, which he had himself erected. This brought his right hip, while he was at work, about opposite the main line shafting, which was estimated to be about thirty inches above the floor of the scaffold. One of the parts, shipped from the defendants' foundry to the plaintiff to be adjusted, was a round metal ring, about six inches in diameter, which fitted on to the main shafting and was known as the collar; it acted as a stop for the lever that was used to throw the friction clutch in and out of mesh. In order to be adjusted to, or fitted on to the shafting, this metal collar came in halves, fastened together by two bolts. Two set screws running through the collar tightly fastened it to the shafting. When properly equipped or adjusted, the heads of these bolts and set screws worked down until flush with the surface of the collar.

The set screws sent by the defendants to the plaintiff were too long, projecting beyond the surface of the collar one, five-eighths and the other, one-half an inch. The collar had to be in place to enable the plaintiff to make his measurements and adjustments. In setting the clutch it was necessary to have the measurements absolutely correct — within a thirty-second of an inch — otherwise the clutch would not work.

As the plaintiff was doing his work on Saturday morning, July 29, 1911, he was standing upon the scaffold in a position which brought the right side of his body to within six inches of the shafting, with the collar about a foot

behind him. This collar, with the projecting screws, was revolving on the shafting at the rate of one hundred and twenty-eight revolutions a minute. At this point the testimony is:

" Q. In order to make the measurements that you were trying to get at that time, could you stand in any other position to get your measurements accurately? A. No, sir.

" Q. That was the only position you could stand in? A. Exactly.

" Q. While you were in that position were you actually making the measurements? A. Yes, sir.

" Q. And what were you thinking about at that time? A. I was thinking about my measurements, as I have to take such exact measurements.

" Q. You had your mind centered on that? A. Yes, sir.

" While you were making that measurement did you recall for the moment the fact that the set screw was just behind you? A. No, sir, I did not.

" Q. While you were in that position what happened to you? A. I got caught in the set screw, right on the hip in my overall, and I went around the shaft."

On the Thursday before the accident the plaintiff had called the attention of his foreman or superintendent, Cite, to the condition of the set screws on the shafting and to the danger that he was under in being compelled to work so near them. Cite promised to send him the proper screws the next day. He did not do so. On Friday, Cite's attention was again called to the matter and he promised to have the proper screws there by Saturday morning at the latest. He further said, however, that the plaintiff should go on with the work as " he must have the job finished to-morrow without fail — he would go away and see the foreman of the yard and have the thing shut down for to-morrow and I could go on with the work and there would not be any trouble."

The plaintiff may be charged with concentration upon the work for his employer, but he cannot be charged with negligence as matter of law. What did he do that he should not have done? He continued his work as directed; his work brought him within a foot of a revolving shaft upon which there was a collar with projecting screws. Absorbed in his work and thinking about his measurements, he was caught by the screws and injured. The dangerous condition under which the plaintiff continued his work was known to the defendants, who had promised to fix it. Under such circumstances, it can with reason be said that the plaintiff was diligent and attentive in his work, and not careless or indifferent. It is true that he must have stepped back or sideways to reach the shafting, but the work which he was doing at the direction of his employer required him to be within a few inches of this shafting and collar, and the minuteness of the measurements demanded some concentration and attention. It cannot be said, as matter of law, that a moment of forgetfulness cast upon the plaintiff the responsibility for his injury. (*Palmer* v. *Dearing*, 93 N. Y. 7; *Larsen* v. *Lackawanna Steel Co.*, 146 App. Div. 238.) The most that can be said is that reasonable minds may differ as to whether the plaintiff's actions constituted negligence; it cannot be said that the facts did not warrant a reasonable inference that the plaintiff was careful. If this be so, a case was made out for the jury. (*Kettle* v. *Turl*, 162 N. Y. 255; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100; *Sigel* v. *American Seating Co.*, 161 App. Div. 54.)

The assumption of risk does not arise on this appeal. (*Maloney* v. *Cunard S. S. Co.*, 217 N. Y. 278.)

*Dillon* v. *National Coal Tar Co.* (181 N. Y. 215), involving a question of assumption of risk and the defendant's negligence; *Bourdon* v. *Plaza Operating Co.* (160 App. Div. 768) and *Brown* v. *Associated Operating*

*Co.* (165 App. Div. 702) are not in point and decide nothing contrary to the conclusion arrived at in this case.

Under section 1338 of the Code of Civil Procedure the reversal of the Appellate Division has been solely upon a question of law. As there is no question of law justifying such action, the judgment of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division. (*Cannon* v. *Fargo,* 222 N. Y. 321.)

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and MCLAUGHLIN, JJ., concur.

Judgment accordingly.