KUCINSKI *v.* CITY LAUNDRY & CLEANING WORKS.

1. MASTER AND SERVANT—ILLEGAL EMPLOYMENT OF INFANT—NEGLIGENCE—ASSUMPTION OF RISK—FELLOW-SERVANT.
A girl under 18 years of age, who was injured while employed in a laundry in violation of Act No. 285, Pub. Acts 1909, as amended, was not within the workmen's compensation act (2 Comp. Laws 1915, § 5429), and the employer, who was guilty of negligence under the circumstances, could not defend an action for said injuries on the ground of assumption of risk or the negligence of a fellow-servant.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
A girl under 18 years of age, whose hand was drawn into a mangle and injured while her attention was momentarily attracted by the foreman's speaking to her, may not be said to have been guilty of contributory negligence as matter of law.

3. SAME—KNOWLEDGE ALONE OF DANGEROUS CHARACTER OF INSTRUMENTALITY INSUFFICIENT.
Knowledge alone of the dangerous character of the instrumentality which causes an injury is not sufficient to charge the injured party with contributory negligence as matter of law; the question in each case being whether plaintiff did or did not have the danger in mind at the time of the injury complained of.

Error to Iron; Flannigan (Richard C.), J. Submitted January 25, 1928; resubmitted March 27, 1928. (Docket No. 143.) Decided April 3, 1928.

Case by Helen Kucinski, an infant, by her next friend, against the City Laundry & Cleaning Works for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

[1]Master and Servant, 39 C. J. §§ 1023, 1138; Workmen's Compensation Acts, —— C. J. § 40; [2]Master and Servant, 39 C. J. § 1376; [3]Id. 39 C. J. § 1052; 12 L. R. A. (N. S.) 461; 20 L. R. A. (N. S.) 876; 48 L. R. A. (N. S.) 667; 18 R. C. L. 635; 5 R. C. L. Supp. 995.

*L. P. Diederichs* and *C. D. Dwyer*, for appellant.

*E. J. Dundon* and *Ray Derham*, for appellee.

POTTER, J.   Plaintiff, a girl 17 years of age, of at least average intelligence, was employed in defendant's laundry.   Ordinarily she received sheets, pillow cases, towels, and other fabrics from the mangle or ironer, and folded them.   On the day of her injury she had been feeding towels into the mangle for about five minutes, when her hand was caught between the guard and the steam drum or chest of the mangle and drawn into it, and she thus injured.

Plaintiff alleged defendant's negligence, among other things, in employing her, contrary to the provisions of Act No. 285, Pub. Acts 1909 (2 Comp. Laws 1915, § 5322 *et seq.*), as amended; failure to properly instruct her in the operation of the ironer; to afford her a safe place to work; to have the machine properly equipped with guards; having the machine equipped with defective guards; placing plaintiff at hazardous work; carelessly and negligently attracting plaintiff's attention while she was operating the machine; failure to have the machine equipped with guards in accordance with Act No. 285, Pub. Acts 1909; and placing plaintiff under the direction of incompetent foremen.

There was testimony showing plaintiff's familiarity with the machine, its operation, its defective guards, and dangerous character.   It is insisted that plaintiff was guilty of contributory negligence as a matter of law, and that the trial court ought not to have submitted that question to the jury.

It is conceded by defendant that at the time of plaintiff's employment, and at the time of her injury, she was under 18 years of age, and that defendant did not have the employment permit required by law for her employment.

Plaintiff, having been illegally employed, was not within section 5429, 2 Comp. Laws 1915, and defendant was guilty of negligence, under the circumstances, in employing her, 2 Comp. Laws 1915, § 5331; Act No. 280, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 5331); Act No. 341, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5330); *Grand Rapids Trust Co.* v. *Petersen Beverage Co.,* 219 Mich. 208; *Szelag* v. *Jordan,* 223 Mich. 672; *Gwitt* v. *Foss,* 230 Mich. 8, and could not defend on the ground of assumption of risk or the negligence of a fellow-servant. *Gee* v. *Brunt,* 214 Mich. 679.

There was evidence that the guard on the machine was loose; that plaintiff was not instructed as to the dangerous character of the employment; that the guard on the machine was improperly adjusted; that defendant's foreman called sharply to plaintiff while she was operating the machine, momentarily attracting her attention; and that at that time her hand was caught and drawn into the machine and injured.

On cross-examination plaintiff testified:

"*Q.* You testified that Mr. Richards spoke to you?

"*A.* Yes.

"*Q.* What did he say to you?

"*A.* To straighten out that towel.

"*Q.* What did you do then?

"*A.* I looked at him.

"*Q.* You turned around from your work and looked at Mr. Richards?

"*A.* I just turned on the side, in this direction, to see if he meant me.

"*Q.* You didn't know at the time that he did mean you, when you turned on the side?

"*A.* No.

"*Q.* During the time your eyes were off your work you suffered this injury?

"*A.* Yes.

"*Q.* And your fingers went into the machine?

"*A.* Yes, the guard went over the top of my hand, over the wrist.

"*Q.* The guard fell?

"*A.* Yes, the guard fell."

Was plaintiff guilty of contributory negligence as a matter of law?  The fact that plaintiff was momentarily inattentive to the task in hand does not, as a matter of law, warrant the conclusion that she was guilty of contributory negligence.  39 C. J. p. 1199, § 1376.

In *Conway* v. *Naylor*, 222 N. Y. 437 (119 N. E. 71), plaintiff was working, with full knowledge of its dangerous character, near a revolving crank shaft collar with protruding set screws.  His clothing was caught thereby and plaintiff injured.  It is said:

"It cannot be said, as matter of law, that a moment of forgetfulness cast upon the plaintiff the responsibility for his injury.  *Palmer* v. *Deering*, 93 N. Y. 7; *Larsen* v. *Lackawanna Steel Co.*, 146 N. Y. App. Div. 238 (130 N. Y. Supp. 887).  The most that can be said is that reasonable minds may differ as to whether the plaintiff's actions constituted negligence; it cannot be said that the facts did not warrant a reasonable inference that the plaintiff was careful.  If this be so, a case was made out for the jury.  *Kettle* v. *Turl*, 162 N. Y. 255 (56 N. E. 626) ; *Sharp* v. *Railroad Co.*, 184 N. Y. 100 (76 N. E. 923, 6 Ann. Cas. 250) ; *Sigel* v. *American Seating Co.*, 161 N. Y. App. Div. 54 (146 N. Y. Supp. 350)."

In *Ammons* v. *Manufacturing Co.*, 165 N. C. 449 (81 S. E. 452), plaintiff was employed in moving a heavy planer.  The machine was swung up on chains. Another employee asked plaintiff to show him the ticket on the machine.  As plaintiff turned his head to reply, the planer fell on his feet.  Plaintiff was held not guilty of contributory negligence as a matter of law.

Knowledge alone of the dangerous character of the instrumentality which causes an injury is not sufficient to charge the injured party with contributory negligence, as a matter of law; the question in each case

being whether plaintiff did or did not have the danger
in mind at the time of the injury complained of.
*Dundas* v. *City of Lansing*, 75 Mich. 499 (5 L. R. A.
143, 13 Am. St. Rep. 457) ; *Graves* v. *City of Battle
Creek*, 95 Mich. 266 (19 L. R. A. 641, 35 Am. St.
Rep. 561) ; *Grandorf* v. *Railway Co.*, 113 Mich. 496;
*Vergin* v. *City of Saginaw*, 125 Mich. 499.

The rule above indicated has been applied to cases
substantially similar to this.

In *Brancheau* v. *Monroe Binder Board Co.*, 229 Mich.
681, there was testimony that no guard was on the
machine which plaintiff was operating when injured,
and it was held that plaintiff, who was illegally em-
ployed by defendant, was not guilty of contributory
negligence, as a matter of law.

In *Gwitt* v. *Foss*, 230 Mich. 8, plaintiff, a boy less
than 15 years old, and another employee were using
a cut-off saw. What was being done was not a part
of their regular employment. Plaintiff testified that
at the moment he was handing a stick across the table
of the cut-off saw he forgot the cut-off saw was there.
This court said:

"The purpose of the statute is to prohibit the ex-
posure of young boys to such danger. It is a well-
known fact, one of which the legislature took cogni-
zance, that boys of his age are not watchful. They
do things impulsively, and do not exercise the care
which older persons do when in dangerous positions.

"On the proof as submitted we think the court was
right in submitting this question to the jury."

The question of plaintiff's contributory negligence
was properly submitted to the jury. No other ques-
tion needs discussion.

Judgment is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK,
MCDONALD, and SHARPE, JJ., concurred.