CATHERINE O'NEILL, Respondent, *v.* CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Individually and as Executor and Trustee, etc., of ANDREW STRANGE, Deceased, Appellant.

First Department, December 7, 1934.

*Joseph F. Lenihan* of counsel [*Frederick Mellor*, attorney], for the appellant.

*Francis X. Dineen* of counsel [*John F. Kelly* with him on the brief; *Francis X. Dineen*, attorney], for the respondent.

MARTIN, J.   The plaintiff, who was fifty-nine years of age at the time of the accident, was injured on October 5, 1928, at about four o'clock in the afternoon, while proceeding down a flight of stairs leading from the ground floor to the cellar of the premises owned by the defendant.   The plaintiff had been a tenant therein for about five years prior to the date of the accident.

The testimony and photographic exhibits in the record show that the stairway from the ground floor to the cellar consisted of a flight of about five steps, a landing and one more step leading to another landing to the left of the first one, a further turn to the left and another flight of about five steps to the cellar floor.   Along this second flight of five steps was a runway or slide.   The second flight was about two and a half feet wide and the slide was about fifteen inches wide; the steps were about seven inches in depth and had no risers to the rear or back of each step.

The plaintiff testified that she was a cook by occupation; that on the day in question she had washed some furniture covers, put them in a pail and was taking them to the yard to hang for drying.   To reach the yard it was necessary to pass through the cellar.   It was admitted by the plaintiff that a washpole was provided for the attachment of pulley lines by the tenants to facilitate the hanging of their wash for the purpose of drying. The plaintiff stated that she never considered stringing a pulley line but that most of the other tenants did so.   The use of such a pulley line would have obviated the necessity of plaintiff going through the cellar to reach the yard with her wash.   There was a light in the cellar operated by a switch located at the foot of the lower flight of five steps, but the plaintiff fell on those steps before she reached the switch.

Upon direct examination the plaintiff said that in order to reach the cellar she opened the door from the main hall; that a light about five feet from the doorway shone down the steps; that she then closed the door behind her and proceeded *to grope her way along in the dark*.   She further stated that she held the pail of wash in her left hand and put her right hand on the rail or bannister; that she proceeded down the first flight of steps, feeling her way

along; that she then turned to her left, stepped down the one step connecting the two landings and turned to her left again and was proceeding down the second flight of five steps when she fell. She did not know what caused her to fall, whether she slipped on something or tripped, or whether her heel or toe caught. All she knew was that she fell and fractured her leg. Plaintiff was confined to a hospital for eighteen weeks and was unable to work for about two years.

On this appeal the defendant contends that the plaintiff, on her own testimony, was guilty of contributory negligence; that she failed to prove any negligence on the part of defendant or that the stairway or slide was the proximate cause of the accident; and that the court erred in refusing several requests to charge with respect to the absence of a light and the closing of the door by plaintiff.

We believe that, as a matter of law, this plaintiff was guilty of contributory negligence. On direct examination she testified as follows: " Q. Now, tell us what you did so that I won't lead you, what you did as you went down those cellar stairs. A. I tried to grope my way down. There wasn't any light there. I had the clothes in the bucket in my hand, and I went down the stairs, groping in the dark because there wasn't any light down there, and when I come to the turn in the stairs I fell because I had no light to see where I was going."

On cross-examination she testified: " Q. How about the top step where you were going down? · Couldn't you see that? A. Not unless I left the door open wide. Q. Well, did you leave the door open wide? A. No. I shut the door after me. Q. Oh, you shut the door after you? A. Yes. Q. Then at the time when you opened the door and looked in, that's when you could see the steps if you had looked at them with the door open? A. Yes. Q. But with the door shut it was so dark you couldn't see the steps, is that it? A. Yes. Q. So you just took hold of the bannister and shut the door after you and left yourself in black darkness, is that it? A. Yes. Q. And then you groped your way down? A. Yes."

There are numerous cases holding that actions or conduct similar to that of plaintiff constitutes contributory negligence.

In *Hudson* v. *Church of Holy Trinity* (250 N. Y. 513) the court said: " Plaintiff's duty in the circumstances was to look out for herself and not to feel her way where it was ' so black and dark that she could not see anything.' She should have refrained from proceeding down the unlighted hallway in unfamiliar surroundings without finding out where she might safely go. She elected to feel

her way along in the darkness. She was guilty of contributory negligence as a matter of law. (*Rohrbacher* v. *Gillig*, 203 N. Y. 413.) "

In *Brown* v. *Associated Operating Co.* (165 App. Div. 702) the court declared that "Unless one be constrained or induced, or be in emergency, it is usually *per se* negligence to walk in invisible places, whether the person is or is not familiar with what may be encountered." (Cases cited.)

In *Pattison* v. *Livingston Amusement Co.* (156 App. Div. 368) the court said: "She had been in the theatre before, she knew that there were steps leading down from the platform to the said fifth row of seats. Notwithstanding this knowledge, and notwithstanding this darkness, to use her own words, she groped her way along. She neither asked for assistance to find her way, nor waited, as there was abundant time for her to do, until more lights had been turned on. Missing her footing at the top of the steps, she fell and was injured. Within the authorities she was guilty of contributory negligence as matter of law, and the motion for a nonsuit should have been granted." (Cases cited.)

The accident in this case was due to the fact that this plaintiff was careless. While the facts may appeal to one's sympathy, there is no reason why this defendant should be compelled to pay for the plaintiff's carelessness.

In view of the admitted facts and the law as set forth in the cases cited, we are of the opinion that the plaintiff was guilty of contributory negligence as a matter of law, which conclusion requires a reversal of the judgment, with costs, and a dismissal of the complaint, with costs.

FINCH, P. J., and MERRELL, J., concur.; O'MALLEY and UNTERMYER, JJ., dissent and vote for affirmance.

O'MALLEY, J. (dissenting). Plaintiff's cause of action was predicated upon dangerous construction of the cellar steps and absence of light. (*Brugher* v. *Buchtenkirch*, 29 App. Div. 342.) The case was submitted upon this theory and the jury was justified in finding negligence on the part of the defendant.

The question of plaintiff's contributory negligence was for the jury. She had been accustomed to use the stairs on numerous occasions for the purpose of getting access to the rear yard to hang out clothes to dry. She used the only available means provided for reaching the yard. Having used the stairs without sustaining injury on previous occasions, it was for the jury to say whether plaintiff was not justified in believing that she could safely use them again. (See record on appeal and discussion in points of counsel in *Litsch* v. *Todds, Irons & Robertson, Inc.*, 209 App. Div. 862; affd., 239 N. Y. 559.) Her testimony on redirect

examination was to the effect that while some light would have been thrown upon the upper part of the stairway if the door leading from the public hallway was left open, that part of the stairs, and more particularly the steps upon which she lost her footing, would still have been in darkness.

I, therefore, vote to affirm.

UNTERMYER, J., concurs.

Judgment reversed, with costs, and complaint dismissed, with costs.