ANNEA FRIEDMAN, Appellant, v. GUSSIE NEUFELD, Respondent.—Action to recover damages for personal injuries sustained by the plaintiff, an invitee, in falling down an unguarded stairway leading from the basement hall of the defendant's home to the cellar. Judgment dismissing the complaint on the merits at the close of plaintiff's case reversed on the law and a new trial granted, costs to abide the event. We are of opinion that a question of fact is presented as to the negligence of the defendant and the plaintiff's contributory negligence. Young, Carswell and Davis, JJ., concur; Hagarty and Johnston, JJ., dissent and vote to affirm, with the following memorandum: We are of opinion that the plaintiff was guilty of contributory negligence as a matter of law. The proof is that the hallway was so dark that plaintiff could not see, but that she was familiar with the surroundings, as the result of many previous visits. She turned off the light in the kitchen, passed through the kitchen door to the hallway and attempted to turn the switch in the hallway which controlled the hall light. The hall apparatus did not operate and she proceeded in the darkness, assuming familiarity with the surroundings. The door at the head of the cellar stairs, however, had been removed some time between the plaintiff's previous visits to the property and the night on which she was injured. The proof is that had the plaintiff again turned on the kitchen light and left open the door leading from the kitchen to the hallway, the hallway would have been sufficiently lighted for plaintiff to see the danger of the open stairs to the cellar. (See *O'Neill* v. *Chatham Phenix Nat. Bank & Trust Co.*, 242 App. Div. 511; affd., 267 N. Y. 622.)

DAVID FRIEDMAN, an Infant, by JOSEPH FRIEDMAN, His Guardian ad Litem, and JOSEPH FRIEDMAN, Respondents, v. RAISIN & LEVINE, INC., Appellant.— In an action to recover damages for personal injuries of plaintiff David Friedman, and for loss of services and expenses for medical treatment by his father, plaintiff Joseph Friedman, due to the negligence of the defendant's driver in colliding with plaintiff David while he was unloading another truck in the street, the jury determined as a question of fact that the defendant was negligent and that the driver was employed by the defendant and engaged in its business at the time of the accident. A verdict was rendered for the plaintiffs. Judgment unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ.