Memorandum by the Court. This is an appeal from a judgment of the Supreme Court entered in the Office of the Clerk of the County of Broome on the 20th day of January, 1947, in favor of the plaintiff-respondent, and also from an order entered in said clerk’s office on the 7th day of February, 1947, denying motions by the defendant for nonsuit and dismissal of the complaint and to set aside the verdict and for a new trial.
The plaintiff’s hand was punctured by the loose ends of a galvanized screening, on the 23d day of April, 1946, which covered the window of a garage located near a path which was a common passageway and used by the plaintiff and two other tenants. At the time of the accident, which was about 7:00 o’clock in the morning, the plaintiff was walking on this path by the garage in order to take her brother’s lunch to him which he had left on the table. The loose ends of the screening were four to six inches long and protruded out, and according to plaintiff this condition had existed ever since she lived there, which was December, 1944. Knowing of this condition she asked the landlord to repair it the first part of January, 1946. The defendant testified that she did not have a conversation with the plaintiff about the window or the screen until after the accident, and that the plaintiff did not tell her until May 6th that she hurt her hand on the window and the window should be fixed.
The fact that the plaintiff knew of the unsafe condition of this screen and that she momentarily forgot does not constitute contributory negligence as a matter of law. (Conway v. Naylor, 222 N. Y. 437, 442; Dollard v. Roberts, 130 N. Y. 269, 274.) There were disputed facts in this case. The question of contributory negligence was properly one for the jury. (Palmer v. Dearing, 93 N. Y. 7.)
Judgment and order affirmed, with costs.