GREAT LAKES LAUNDRY CO. *v.* ÆTNA LIFE INSURANCE CO.

1. INDEMNITY — INSURANCE — MASTER AND SERVANT — COMPROMISE AND SETTLEMENT.

Where the defendant was insurer of plaintiff's employees in the conduct of its laundry business, and the insured compromised a claim by one of the employees who was injured working at a mangle, and who claimed that her injury was due to a defect in the feeder of the machine, the question whether the machinery was so dangerous to life and limb as to come within the provisions of Act No. 285, § 11, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 4019), forbidding females under the age of twenty-one years from being placed in employment dangerous to life and limb, and the point was properly submitted to the jury, in an action on the indemnity policy.

2. SAME—TRIAL—MINORS.

*Held*, also, that it was not erroneous to admit the report, prepared by defendant's inspector, of the accident soon after the same, stating that there was no especially dangerous work connected with the business; that there were no dangerous points about the machinery left unprotected; and that the law relating to employment of minors was observed in plaintiff's factory.

3. SAME—TRIAL—CHARGE.

> And *held*, that while defendant's requests to charge were not submitted in their language, and it is objected that the points so presented were not given sufficient prominence by the court in his charge, the general charge was sufficient in this particular, fairly covered the case, and gave reasonable prominence to the issue.

Error to Chippewa; Fead, J. Submitted April 30, 1914. (Docket No. 105.) Decided March 17, 1915.

Assumpsit by the Great Lakes Laundry Company against the Ætna Life Insurance Company upon a policy of indemnity insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Warner & Sullivan*, for appellant.

*John W. Shine*, for appellee.

BIRD, J. In July, 1911, while Bertha Roddy, a young girl 16½ years of age, was employed in plaintiff's laundry, feeding a mangle, her left hand was drawn against or under the first ironing roll and burned and permanently injured. As plaintiff was indemnified by defendant against losses on account of accidents to its employees, it was duly notified of the mishap. After making an investigation, the defendant refused to pay the damage, and denied all liability under its policy, on the ground that Bertha had been employed in violation of law, but it tendered the services of its attorneys to plaintiff to assist in making an adjustment of the claim. A settlement was effected for $1,623. To recover this sum from defendant, this suit was begun and successfully prosecuted in the trial court.

1. The assignment upon which defendant principally relies is based upon the refusal of the trial court to instruct the jury, "as a matter of law, that the operation of the flat work ironer or mangle is an

operation considered dangerous to life and limb."
This request is based upon section 11 of Act No. 285,
Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 4019), which
provides that no female under the age of 21 years
shall be engaged in any employment "which may be
considered dangerous to their lives or limbs." Bertha
Roddy was engaged, when injured, in feeding flat
goods into the mangle. Between her and the auto-
matic feeder was a wire feeding basket about a foot
wide. An automatic feeder was provided which made
it unnecessary for her to feed the clothes to the first
ironing roll. In front of the first ironing roll was a
guard roll to protect the hands from coming in con-
tact with the hot roll. In the event that she permitted
her hands to follow the automatic feed too far, the
guard roll would warn her. Her duty was to smooth
out the goods on the automatic feed table, and they
were then automatically carried into the ironing rolls.
She claimed her injury was due to some defect in the
automatic feeder. It was shown that the machine had
been installed ten years, and that this accident was
the first one which had occurred. Witnesses who
were familiar with such machinery expressed the
opinion upon cross-examination that mangles like the
one in question, equipped with like safety devices,
were not dangerous machinery.

We are not of the opinion that this machinery was
so obviously dangerous to life and limb that we should
declare it so, as a matter of law. The question as to
whether machinery was dangerous, within the mean-
ing of this statute, has usually been held by this court
to be one of fact. *Sterling* v. *Carbide Co.*, 142 Mich.
284 (105 N. W. 755) ; *Braasch* v. *Stove Co.*, 147 Mich.
676 (111 N. W. 197) ; *Braasch* v. *Stove Co.*, 153 Mich.
652 (118 N. W. 366, 20 L. R. A. [N. S.] 500;
*Syneszewski* v. *Schmidt*, 153 Mich. 438 (116 N. W.
1107) ; *Tabinski* v. *Manufacturing Co.*, 168 Mich. 392

(134 N. W. 653) ; *Radic* v. *Jackson & Co.*, 178 Mich. 618 (146 N. W. 136). The conditions disclosed by this record are not so radically different from those involved in the foregoing cases as to justify us in disposing of the question as one of law.

2. The defendant, after assuming the risk, made annual inspections of the laundry, and furnished plaintiff with a copy of the record. The last inspection previous to the accident was in March, 1910. The report of this inspection showed, among other things, the following:

"*Q.* Is there any specially dangerous work connected with the business?
"*A.* No.
"*Q.* Are there dangerous points about machinery which are not protected?
"*A.* No.
"*Q.* Is the law respecting the employment of minors observed?
"*A.* Yes."

This report was offered and received in evidence over defendant's objection, but it neither appears in the record nor in the briefs what specific objection was made to it. The character of the argument made in opposition thereto would indicate that it was placed upon the ground of incompetency. But, whatever may have been the ground of objection if defendant made a defense which was inconsistent with its previous declarations and admissions, it was proper to show it.

3. Error is assigned upon the manner in which the court gave defendant's requests Nos. II, IV, V, VI, and VII. Requests IV and V asked for an instruction directing a verdict because of the unlawful employment. As this question has already been disposed of, no further comment is necessary. Requests II, VI, and VII were fairly covered by the general charge. It is not argued that they were not so covered, but it

is argued that the points raised by the requests were not given the prominence that their importance demanded. A careful examination of the charge with reference to these requests does not so convince us. We think that all three requests were fairly covered by the general charge, and one of them was given more prominence and placed before the jury more pointedly than was suggested by the instruction.

We find no error in the record which calls for a reversal of the case. The judgment of the trial court is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.