### SZELAG v. JORDAN.

1. MASTER AND SERVANT — DANGEROUS MACHINERY — PERMITTING MINOR TO OPERATE.

In an action for the death of a 14-year old boy employed about dangerous machinery contrary to the provisions of Comp. Laws Supp. 1922, § 5331, *held*, not necessary to show that he was set to work on the machine which killed him; it being sufficient to show that he was permitted to operate it.

2. SAME—NEGLIGENCE—PROXIMATE CAUSE.

The negligence of the employer in employing the boy contrary to law, *held*, the proximate cause of the accident.

3. SAME—EVIDENCE—QUESTION FOR JURY.

Although there was evidence that a janitor told the boy to keep away from the machine, evidence that about an hour later the workman having charge of the boy found him at the machine and impliedly authorized him to operate it by telling him to be careful, *held*, to present a question for the jury as to whether he was permitted to operate it.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted June 8, 1923. (Docket No. 122.) Decided July 19, 1923.

Case by Jacob Szelag, administrator of the estate of Walter Szelag, deceased, against Arthur Jordan, doing business as the Disco Electric Manufacturing Company, for the negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Clarence P. Milligan*, for appellant.

*Guy W. Moore* and *Hal P. Wilson*, for appellee.

On necessity that injury to child proximately result from his employment in violation of statute, see notes in 1 B. R., C. 634; 48 L. R. A. (N. S.) 661.

WIEST, C. J. Plaintiff's decedent, a boy 14 years and 24 days of age, was employed in defendant's factory in violation of law (Comp. Laws Supp. 1922, § 5331), and while operating a waste paper baler was struck by the handle thereof, receiving an injury from which he died a few hours later. This suit was brought under the survival act to recover the loss to his estate occasioned by his death. At the trial it appeared that the boy was employed as a messenger in the first instance but was soon put to work with a hand truck and then set to operating a drill press. His older brother, also employed by defendant, objected to the boy operating machines. No witness to the accident was produced although it happened in a room where many men were at work. A noise attracted the attention of workmen and the boy was found on the floor unconscious with a bruise upon his forehead. The handle used to bring pressure upon the waste paper had apparently been released suddenly by a lifting or slipping of the rachet and had struck the boy.

The learned circuit judge directed a verdict for defendant on the ground that a janitor, having charge of the baler, had ordered the boy to keep away from it, and there being no testimony disputing such direction the boy was a trespasser at the time of his injury and there could be no recovery. This direction by the court overlooked the testimony of Mr. Graves, a bench assembler, as follows:

"Mr. Clark (foreman) placed the boy under my direction. * * * I saw him working on a drill press machine. * * * I was there the morning of this accident. I saw the boy that morning at this press, this baler I mean. That was along about a quarter to ten, somewhere around there. He was just standing there and I was going past and I said now, kiddo, be careful. I saw him there that morning

and Clark was there that morning. I had just nicely got back to the bench, just got turned around again and seen the boys all running and I went over there and he was laying on the floor."

Mr. Norton, the janitor, testified:

"I was head janitor there at that time. I had charge of the machines, the baling machine.

"I had the operation of the baler at this time on the morning of July 17th. I came down and saw this boy working with it. There was another janitor there, Mr. Owen, he quit that morning with reference to wages. After he quit, I did not see this boy. I left Mr. Owen on the machine when I went down to the main floor. I saw the boy before Mr. Owen quit, around the machine. I asked the boy who put him on the machine. He said, nobody, or something to that effect. I told him to go away from the machine. * * * I judge it was about 9 o'clock when I ordered him away."

In directing the verdict the trial judge said:

"There isn't any testimony, as I recall it, in the case that shows that the plaintiff (the boy) was put to work on this machine by the defendant or anyone in charge of the defendant's business. * * * Negligence must be proved; it can't be presumed. Then, if you were to say that the plaintiff was entitled to recover, you-must say that he was put to work upon this machine by Mr. Clark. The testimony doesn't warrant, in my judgment, that conclusion. In view of the fact that there was a witness took the stand and testified that the machine was in his charge and under his control, that he was the man that gathered up the papers—he, and the other janitor also used the machine—that he saw this boy working on it and told him to keep away from it—now, if we were to presume that Mr. Clark did put the boy to work without any proof that he did, only an inference, then we must also believe that this last witness was testifying false-ly, because we must say that he didn't tell him to keep away. Now, if he did that, the boy had no business there. If he wasn't ordered there or directed to go to work there, then he didn't have any business on this

machine; was in a place where he should not have been, and especially if he was told by the man who claims to have been in charge of the machine that he should keep away, then he didn't have any right there and he was a trespasser as far as that machine goes; he was a wrongdoer and not in the exercise of due care; and in view of that testimony as it stands, I would be compelled to say to you that the plaintiff hasn't made a case of due care on the part of the plaintiff."

The evidence showed the dangerous character of the baler when operated by an inexperienced boy, and that it killed the boy, demonstrated its power to injure. It was not necessary to show the boy was set to operate the baler by the foreman or anyone else. It was sufficient to show he was permitted to operate the baler. It will not do to hold, in case a boy is employed about dangerous machinery and in a place where the law prohibits his employment, the violator of the law may hide behind the claim that the boy was not set at work upon the machine which killed him. The negligence of defendant in employing the boy contrary to law was the proximate cause of the accident. *Grand Rapids Trust Co.* v. *Petersen Beverage Co.*, 219 Mich. 208. Had the law been obeyed by defendant there would have been no accident.

If the janitor told the boy to keep away from the baler, he did so about 9 o'clock in the morning, and it was nearly an hour later when the workman, having direction over the boy, found him at the baler and impliedly, at least, authorized him to operate it by saying "now, kiddo, be careful." This testimony made the case one for the jury and the trial judge was in error in holding otherwise.

The judgment is reversed and a new trial granted, with costs to plaintiff.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.