## GWITT v. FOSS.

1. MASTER AND SERVANT—MINORS—NEGLIGENCE—IMMATERIAL THAT
   DECLARATION CHARGES NEGLIGENCE IN SEVERAL COUNTS.

   In an action by a boy under 15 years of age for the loss
   of his left arm in defendants' factory at midnight, where
   the trial court was justified in instructing the jury that
   defendants were guilty of negligence in employing plain-
   tiff in violation of the statute (2 Comp. Laws 1915, §§ 5330,
   5331, as amended by Act No. 280, Pub. Acts 1917, and
   Act No. 341, Pub. Acts 1919), the fact that negligence was
   charged in different ways in the several counts of the
   declaration was immaterial, and therefore overruling de-
   fendants' request that certain of them be withdrawn was
   not prejudicial.[1]

2. SAME—RELATIONSHIP OF MASTER AND SERVANT NON-EXISTENT
   WHERE MINOR EMPLOYED IN VIOLATION OF STATUTE—WORKMEN'S
   COMPENSATION ACT.

   Where a minor is employed in violation of statute, the
   relation of master and servant does not exist, and there-
   fore the provisions of the workmen's compensation act have
   no application in an action by him against his employer
   for personal injuries.[2]

3. SAME—DEFENSE OF CONTRIBUTORY NEGLIGENCE OPEN TO MASTER
   WHO EMPLOYS MINOR IN VIOLATION OF STATUTE.

   In view of the decisions of the Supreme Court holding
   that the statute (2 Comp. Laws 1915, §§ 5330, 5331) pro-
   hibiting the employment of minors in certain cases did
   not change the common-law rule which requires a plain-
   tiff in an action for damages in a negligence case to
   aver and prove that his injury was not due to his
   own negligence, and the fact that later amendments to
   said statute have not changed said rule, held, that the de-
   fense of contributory negligence is open to defendants in
   an action under said statute by a minor.[3]

[1]Master and Servant, 26 Cyc. p. 1459; [2]Workmen's Compensa-
tion Acts, § 40; [3]Master and Servant, 26 Cyc. p. 1384 (1926 Anno).
  On applicability and effect of workmen's compensation acts
in case of injuries to minors, see note in 14 A. L. R. 818.
  As to whether one employing a minor under the statutory age
may rely on contributory negligence or assumption of risk to
defeat liability for personal injuries sustained by child, see notes
in 12 L. R. A. (N. S.) 461; 20 L. R. A. (N. S.) 876; 48 L. R. A.
(N. S.) 667.

4. APPEAL AND ERROR—DIRECTED VERDICT.

On a motion for a directed verdict in favor of defendants on the ground of plaintiff's contributory negligence, the testimony must be considered in the light most favorable to plaintiff.[4]

5. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE QUESTION FOR JURY.

On the proof as submitted, *held,* that the trial court was right in submitting to the jury the question of plaintiff's contributory negligence.[5]

6. APPEAL AND ERROR—DAMAGES — FUTURE EARNINGS — PRESENT WORTH—EFFECT OF ERROR IN DETERMINING.

Where the trial court, in instructing the jury how to arrive at the present worth of plaintiff's future earnings, gave an erroneous instruction which cannot be said not to have increased the amount of the $6,166 verdict, the judgment is affirmed conditional on plaintiff's remitting all in excess of $5,500.[6]

Error to Bay; Houghton (Samuel G.), J. Submitted December 4, 1924. (Docket No. 93.) Decided April 3, 1925.

Case by Ignatius Gwitt, an infant, by his next friend, against Edgar H. Foss and others, executors and trustees of the estate of Edgar B. Foss, deceased, for personal injuries. Judgment for plaintiff, defendants bring error. Affirmed, conditionally.

*Weadock & Weadock* and *M. L. Courtright,* for appellants.

*Henderson & Patterson,* for appellee.

SHARPE, J. Plaintiff sustained an injury resulting in the loss of his left arm just below the elbow while working in defendants' box factory in Bay City at about midnight on May 22, 1923. He had verdict and judgment for $6,166. While there are many assignments of error, they may be conveniently discussed under a few headings.

---

[4]Appeal and Error, 4 C. J. § 2709; [5]Master and Servant, 26 Cyc. p. 1482; [6]Appeal and Error, 4 C. J. § 3150.

1. The Declaration.   There were six counts.   At the close of plaintiff's proofs, the request of defendants' counsel that certain of them be withdrawn from the consideration of the jury was overruled.   In his charge the court instructed the jury that the defendants were guilty of negligence in employing the plaintiff, a boy less than 15 years of age, to work in their factory in violation of the statute (2 Comp. Laws 1915, §§ 5330, 5331, as amended by Act No. 280, Pub. Acts 1917, and Act No. 341, Pub. Acts 1919 [Comp. Laws Supp. 1922, §§ 5330, 5331]).   This instruction was in harmony with the holding of this court in *Grand Rapids Trust Co.* v. *Petersen Beverage Co.*, 219 Mich. 208, and *Szelag* v. *Jordan*, 223 Mich. 672.   In view of this instruction, the fact that negligence was charged in different ways in the several counts of the declaration was immaterial and could in no way have been prejudicial.

2. Contributory Negligence.   (*a*) The first section of the workmen's compensation act (2 Comp. Laws 1915, § 5423) reads as follows:

"In an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injuries so sustained, it shall not be a defense:

"(*a*) That the employee was negligent, unless and except it shall appear that such negligence was wilful;

"(*b*) That the injury was caused by the negligence of a fellow employee;

"(*c*) That the employee had assumed the risks inherent in or incidental to, or arising out of his employment, or arising from the failure of the employer to provide and maintain safe premises and suitable appliances."

At our suggestion, counsel in this case and in *Brancheau* v. *Monroe Binder Board Co.*, 229 Mich. 681, handed down herewith, have filed briefs discussing the application of this statute to the facts presented.

It is clear that the title to this act and its several provisions apply only when the relation of employer and employee exists.     There is no such relationship when a minor is employed in violation of a statute.     *Kruczkowski* v. *Polonia Publishing Co.*, 203 Mich. 211; *Grand Rapids Trust Co.* v. *Petersen Beverage Co., supra; Acklin Stamping Co.* v. *Kutz*, 98 Ohio St. 61 (120 N. E. 229, annotation and note in 14 A. L. R. 819).

(*b*)  Is the defense of contributory negligence open to a defendant who employs a minor in violation of the statute?

In *Beghold* v. *Auto Body Co.*, 149 Mich. 14 (14 L. R. A. [N. S.] 609), it was said:

"The general rule is that a plaintiff cannot recover damages if the injury could have been avoided by the exercise of ordinary or reasonable care on his part. This rule obtains in cases where the negligence of defendant is negligence in law, arising from violation of a statute."

Many authorities are cited to sustain the holding. The rule as stated was followed in *Woods* v. *Kalamazoo Paper Box Co.*, 167 Mich. 514; *Pequignot* v. *Germain*, 176 Mich. 659; *Radic* v. *Thomas Jackson & Co.*, 178 Mich. 618; *Kruczkowski* v. *Polonia Publishing Co., supra; Gee* v. *Brunt*, 214 Mich. 679.

It is urged that the trend of recent decisions in other courts of last resort indicates that the rule so announced should be abandoned, or at least modified. These cases are collected and discussed in the cases in 61 L. R. A. 811; 12 L. R. A. (N. S.) 462; 20 L. R. A. (N. S.) 876; and 48 L. R. A. (N. S) 667, and the notes thereto.     These are so readily accessible that it seems unnecessary to cite them.     They disclose a lack of harmony, unfortunate, in view of the question presented.     In many of the more recent cases, the courts seem inclined to hold the employer to a very

strict responsibility for injury to a minor employed in violation of the law. They but give voice to the humanitarian instinct which prompted the enactment of such statutes. The courts, however, have no right to legislate. The statute here under consideration was enacted in 1909 (Act No. 285). It must be presumed that the members of the legislature at that time were fully informed of the rule announced in the *Beghold Case,* decided in 1907, and followed in the later cases above cited. The sections under which plaintiff's right to recover is predicated were amended in 1917, 1919, and 1923 (Act No. 206). The question presented is whether the statute changes the rule of the common law which requires a plaintiff in such an action to aver and prove that his injury was not due to his own negligence. This court held that it did not. It is the duty of the courts when construing a statute to ascertain and give effect to the legislative intent. When enacting the present law or amending it, the legislature might easily have provided otherwise. No such action having been taken, we must assume that it was content with the construction which had been placed on the similar provisions of the former act.

(c) Defendants' motion for a directed verdict because the contributory negligence of plaintiff was the proximate cause of his injury was overruled. On such a motion the testimony must be considered in the light most favorable to plaintiff. There were 11 tables in the factory, each equipped with a ripsaw and a cut-off saw, with aisles separating them. These saws were running when the plant was in operation. On the night in question, plaintiff was employed in bundling and taking away the box shooks after the nailer had completed his work upon them. This work was not dangerous. After eating his lunch at the midnight hour, plaintiff and a boy named

Florian Kubasiak went to one of the tables to make some pitch (small sticks a few inches long to start fires with). Plaintiff picked up some of the larger pieces of the refuse and handed them to Florian, who cut them the required size. In handing a piece to Florian, "the third piece slipped, and the carriage went over and cut his arm off." Florian was operating one of the saws. The injury was caused by the other one. Plaintiff testified that at the moment he "forgot that the cut-off saw was there" when he started to hand the piece across. He further testified that while the saw made a sound "like bees" when it went through the wood, it made no sound when running and not sawing. There is testimony that the factory superintendent knew that the boys were taking these "pitch" sticks home with them. Plaintiff had been working in the factory about a month, a part of the time taking away from a ripsaw. He knew that if any part of his person came in contact with one of the saws he would be injured. The factory was lighted by electricity. Had he looked, or exercised that degree of care with which an adult would be chargeable, he would have observed that the saw near him and by which he was injured was running.

The purpose of the statute is to prohibit the exposure of young boys to such danger. It is a well-known fact, one of which the legislature took cognizance, that boys of his age are not watchful. They do things impulsively, and do not exercise the care which older persons do when in dangerous positions.

On the proof as submitted we think the court was right in submitting this question to the jury. We are unable to say, as was said in *Beghold* v. *Auto Body Co., supra,* that "the injury is so clearly one resulting entirely from the carelessness of plaintiff that the court should have withdrawn the case from the jury."

3. *Damages.* In instructing the jury as to damages the court properly stated the rule for determining the present worth of his loss of future earnings. His expectancy was 44.85 years. He instructed them to deduct the 6 years until he should reach his majority and then begin by dividing his loss of earnings by 1.30 for the first year, and so on. No suggestion was made by defendant's counsel that the instruction in this respect was not correct. It is now insisted that, as plaintiff was but 14 years of age, 7 years would elapse before he would reach his majority and one year more before he would have earned a year's wages, and that the correct divisor should have been 1.40, or, if he be said to be 15, as he lacked but a little of it, the divisor should have been 1.35; that this error would run through all the years of his expectancy and materially increase the allowance on this account.

There can be no doubt but that the instruction given was erroneous. It affected but the amount of the verdict. We cannot say that it was not increased by reason of the instruction given. If the plaintiff will, within 20 days after the filing of this opinion, file a remittitur of all in excess of $5,500, the judgment will stand affirmed as to that amount; otherwise a new trial will be granted. In view of the fact that this error was not called to the court's attention when the instruction was given, or on the motion for a new trial, we feel that if plaintiff files the remittitur no costs in this court should be allowed. If a new trial be had, defendants will have costs.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.