### SUNDSTROM v. FRUIT GROWERS PACKAGE CO.

1. MASTER AND SERVANT—ILLEGAL EMPLOYMENT OF INFANT—PROX-
IMATE CAUSE—NEGLIGENCE.

The employment of a 14-year old boy at a hazardous oc-
cupation in violation of Act No. 280, Pub. Acts 1917, which
resulted in an injury to his fingers and hand, was illegal,
the proximate cause of the accident, and the employer was
guilty of actionable negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where a boy, injured while engaged in a hazardous oc-
cupation in violation of the statute, was too young to
come within the provisions of the workmen's compensa-
tion act, the question of his contributory negligence was
an issue in an action based on said injury.

3. SAME — KNOWLEDGE ALONE OF DANGEROUS CHARACTER OF IN-
STRUMENTALITY INSUFFICIENT—PROPER TEST.

Knowledge alone of the dangerous character of the in-
strumentality that causes an injury is not sufficient to
charge the injured party with contributory negligence as
matter of law; the question in each case being whether
he had the danger in mind at the time of the injury com-
plained of.

4. SAME — INFANTS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR
JURY.

Whether a 14-year old boy, who heedlessly placed his hand
on the bed of a running veneer clipping machine as he
leaned over to oil a low bearing, resulting in an injury
to his fingers and hand, was guilty of contributory neg-
ligence, *held*, a question for the jury.

Error to Van Buren; Warner (Glenn E.), J.    Sub-
mitted April 3, 1928.    (Docket No. 4.)    Decided
June 4, 1928.

Case by Theodore Sundstrom, Jr., an infant, by his

---

[1]Master and Servant, 39 C. J. § 424; [2]Workmen's Compensation
Acts, C. J. § 40; [3]Master and Servant, 39 C. J. § 1047; [4]Id., 39
C. J. § 1385.

next friend, against the Fruit Growers Package Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Earl L. Burhans,* for appellant.

*Fred T. Miles* and *Abner Dilley,* for appellee.

WIEST, J. Plaintiff, a boy 14 years of age, was unlawfully employed in defendant's factory, and, while oiling a running veneer clipping machine, placed his left hand on the bed thereof, to steady himself as he leaned over to reach a low bearing, and the clipping knife came down, in the usual course of its operation, and cut and mangled some of his fingers and a part of his hand.

The employment of the boy, on account of his age, was illegal (Act No. 280, Pub. Acts 1917 [Comp. Laws Supp. 1922, § 5331]), and the proximate cause of the accident (*Grand Rapids Trust Co.* v. *Petersen Beverage Co.,* 219 Mich. 208; *Szelag* v. *Jordan,* 223 Mich. 672), and defendant was guilty of actionable negligence (*Gwitt* v. *Foss,* 230 Mich. 8; *Kucinski* v. *Cleaning Works, ante,* 352). The boy was too young to come within the provisions of the workmen's compensation act, and, therefore, the question of his contributory negligence was an issue (*Gwitt* v. *Foss, supra*). Plaintiff had verdict and judgment. Defendant reviews by writ of error, presenting as the sole question the right to an adjudication that the boy was guilty of contributory negligence as a matter of law.

Broadly stated, the boy heedlessly put his hand in a place he knew, had he given the matter any thought, was under the descending knife and would result in an injury to him.

We had occasion lately in *Kucinski* v. *Cleaning Works, supra,* to consider the question here presented,

and there stated the rule with reference to minors and not to persons of mature years and discretion, as follows:

"Knowledge alone of the dangerous character of the instrumentality that causes an injury is not sufficient to charge the injured party with contributory negligence, as a matter of law; the question in each case being whether plaintiff did or did not have the danger in mind at the time of the injury complained of.    *    *    *

"In *Gwitt* v. *Foss*, 230 Mich. 8, plaintiff, a boy less than 15 years old, and another employee were using a cut-off saw.    What was being done was not a part of their regular employment.    Plaintiff testified that at the moment he was handing a stick across the table of the cut-off saw he forgot the cut-off saw was there. This court said:

" 'The purpose of the statute is to prohibit the exposure of young boys to such danger.    It is a well-known fact, one of which the legislature took cognizance, that boys of his age are not watchful.    They do things impulsively, and do not exercise the care which older persons do when in dangerous positions.

" 'On the proof as submitted we think the court was right in submitting this question to the jury.' "

We think the evidence in the case at bar presented an issue for the jury upon the question of plaintiff's contributory negligence.

The judgment is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.