FONTANA *v.* FORD MOTOR CO.

1. TRIAL—REOPENING OF CASE—DISCRETION OF COURT.

The reopening of the case after conclusion of testimony to permit plaintiff to show summons was put in the hands of a competent person for service on the same day *held,* not an abuse of discretion.

2. EVIDENCE—AGE OF SELF—QUESTION OF FACT.

One may testify to his own age and, though such testimony is rebuttable, it is "best evidence," not secondary, and raises a question of fact if denied by testimony or circumstances.

3. SAME—AGE OF BROTHER.

Testimony of injured minor's brother, five years older than minor, *held,* competent evidence at least to minor's proximate age.

4. MASTER AND SERVANT—STATUTE OF LIMITATIONS—AGE OF MINOR —EVIDENCE—INFERENCE.

In action by injured minor against employer which raised defense of statute of limitations, latter's record proof of plaintiff's age, consisting of official birth, church, school and voting registration records and marriage license affidavit, is competent evidence but not superior to testimony of plaintiff and his brother five years older; but in view of failure to produce mother as a witness or to take her deposition and inference arising therefrom, finding by jury that plaintiff's age was as he claimed, instead of a year older as claimed by employer, *held,* against great weight of the evidence and inference (3 Comp. Laws 1929, §§ 13976–13978).

5. SAME—STATUTE OF LIMITATIONS—ESTOPPEL—CONSIDERATION— RELIANCE.

Defendant employer in action by employee, a minor when injured, *held,* not estopped to raise defense of statute of limitations in the absence of either promise to pay on part of defendant, promise not to sue on part of plaintiff or reliance by plaintiff on asserted statements of defendant's claim agent and general superintendent (3 Comp. Laws 1929, §§ 13976– 13978).

6. SAME—HAZARDOUS EMPLOYMENT—QUESTION FOR JURY.

Question of whether employment, whereby employee was required to put one foot on the hub of a cart wheel and other on a pile of loose boards in a poorly lighted place and take short pieces of boards and wood products from an endless belt, running out of a saw mill, and load them into a dump cart, was hazardous because of danger of slipping *held*, for jury (2 Comp. Laws 1929, § 8326).

7. SAME—CONTRIBUTORY NEGLIGENCE—MINORS—APPARENT DANGER —SAW-MILL CONVEYOR.

Question of contributory negligence of minor employee in lifting a heavy six-foot piece of green timber from saw-mill conveyor *held*, for jury where the danger either in the place or method of operation in removing lumber from conveyor was not clearly apparent (2 Comp. Laws 1929, § 8326).

8. SAME—CONTRACT OF EMPLOYMENT—REPORT OF ACCIDENT.

Contention by employer that plaintiff, a minor, was not employed at time alleged, under an age misrepresented by employment manager, *held*, not even a question of fact where record shows no limitation on employment manager's authority and that defendant filed report of accident, thereby recognizing plaintiff as its employee (2 Comp. Laws 1929, § 8326).

9. SAME—ARTHRITIS—EVIDENCE—EXPERT MEDICAL OPINION—PROXIMATE CAUSE.

Medical testimony that accident "could" have caused plaintiff's arthritic condition *held*, sufficient to raise question of proximate cause one for jury where testimony also showed plaintiff had a diseased prostate and infected teeth, especially where on defendant's examination or without defendant's objection doctors expressed direct opinion that the accident was the cause of the arthritis or an exciting factor of it.

Appeal from Gogebic; Driscoll (George O.), J. Submitted October 7, 1936. (Docket No. 29, Calendar No. 39,034.) Decided December 9, 1936.

Case by Joseph Fontana against Ford Motor Company, a foreign corporation, and George Orlosky for personal injuries sustained while in defendant corporation's employ. Default entered as to defendant Orlosky. From verdict and judgment for plaintiff

against defendant Ford Motor Company, it appeals. Reversed, with new trial.

*Derham & Derham,* for plaintiff.

*H. J. Rushton* (*Louis J. Colombo* and *George M. Clark,* of counsel),'for defendant Ford Motor Company.

BUTZEL, J.   Plaintiff had judgment for personal injuries which he claims he sustained while in the employ of defendant corporation (hereinafter referred to as defendant), when he was under 18 years of age, and was engaged in a ''hazardous employment,'' in violation of 2 Comp. Laws 1929, § 8326.

His claim is that in March, 1924, when he was 17 years old, he was set to work, at night, taking short pieces of boards and wood products from an endless belt and gravity roller conveyor, running out from a sawmill, and loading them into a dump cart; the hind wheel of the cart had a diameter of about six feet; he was instructed to stand with one foot on a temporary platform of loose boards and the other on the hub of the dump cart wheel, take the products from the conveyor and load them into the cart; the place was dark except for such light as came through the mill windows; as he was trying to load a thick and heavy six-foot board of green timber, the platform gave way, he fell, the board fell on him and resulted in permanent injuries and total disability.   Plaintiff has a rigid spine, caused by arthritis.   Whether his condition is due to trauma or infection is a disputed issue of fact.

Defendant's first point is that the action is barred by the statute of limitations, 3 Comp. Laws 1929, §§ 13976–13978, which required commencement of suit within three years after plaintiff attained his

majority. Summons was issued by the clerk April 14, 1931. After the testimony was concluded, the court reopened the case to permit plaintiff to show that the summons was put in the hands of a competent person for service on the same day. The court had discretion so to do, *Deyo* v. *Detroit Creamery Co.,* 257 Mich. 77, and, under the circumstances of the case, which need no elaboration, there was no abuse of discretion.

Plaintiff claims he was born April 16, 1907, and, therefore, commenced the action seasonably. Defendant contends plaintiff was born April 16, 1906, and was about a year late in bringing suit.

Plaintiff testified that he was born April 16, 1907. His brother, five years older, said plaintiff would be 28 in 1935, thereby setting his birth year as 1907. Defendant's claim of plaintiff's birth day is sustained by official city, county and State birth records, and its claim of his birth year as 1906 is supported by the church records of plaintiff's baptism, his school records beginning at the age of five, the record of his registration as a voter in 1928, and his affidavit for a marriage license in 1929. Plaintiff's explanation of the discrepancy is that he entered school at four years of age, although registered as five, and he afterwards continued to use his "school age." He offered no explanation of the birth or baptismal records; nor does he attempt to impeach them for error. No witness having personal knowledge of the time of his birth was produced.

Defendant contends that, as against the record evidence, the testimony of plaintiff and his brother has no probative force as a matter of law and the record must be taken as conclusive proof of plaintiff's age, citing *Webb* v. *Haycock,* 19 Beav. 342 (52 Eng. Rep. 382); *Denoyer* v. *Ryan,* 24 Fed. 77; *Campbell* v.

*State,* 21 Okla. Cr. 243 (206 Pac. 622); *Meehan* v. *Supreme Council Catholic Benevolent Legion,* 95 App. Div. 142 (88 N. Y. Supp. 821); *Hunt* v. *Supreme Council, Order of Chosen Friends,* 64 Mich. 671 (8 Am. St. Rep. 855), none of which, however, sustains the contention.

In this State one is competent to testify to his own age, *Cheever* v. *Congdon,* 34 Mich. 296, his testimony, though rebuttable, is "best evidence," *i. e.,* not secondary, *Morrison* v. *Emsley,* 53 Mich. 564, and it raises a question of fact, if denied by testimony or circumstances, *Durfee, for the use of Lantz,* v. *Abbott,* 61 Mich. 471; *People* v. *Bernor,* 115 Mich. 692; *Schweitzer* v. *Bird,* 204 Mich. 333. The testimony of plaintiff's brother is competent at least to his proximate age. *Hancock* v. *Supreme Council Catholic Benevolent Legion,* 69 N. J. Law, 308 (55 Atl. 246).

Defendant cites no statute or authority which gives to any of the records produced greater probative force than that of "competent" testimony. Plaintiff's voting registration and marriage affidavit are by way of impeachment of his claim as to his age. All the other testimony is strictly hearsay because no witness with personal knowledge of the facts was produced. Consequently, none of the proof is of such a superior legal character as to determine the fact and the issue necessarily is for the jury.

However, the finding of a jury in favor of plaintiff's claim of age would be against the great weight of the evidence. Plaintiff's mother lives with him and he did not produce her as a witness nor take her deposition. An inference arises that her testimony would have been unfavorable to him. This failure and inference, together with plaintiff's conduct (during all the time and on all occasions when he had no interest in misrepresenting it) in representing his age as the records proclaim it, and the fact that the

record evidence is wholly unimpeached for errors, are of overwhelming force as against the bare statements of plaintiff and his brother. This requires reversal of the judgment and new trial.

Plaintiff contends, however, that although a jury should find he was born in 1906, the statute of limitation (3 Comp. Laws 1929, §§ 13976–13978) would not bar his action because defendant is estopped to plead the statute.

He testified that in 1927 he told Kuss, who had charge of injury claims for defendant, that he wanted to get paid for his injuries and Kuss replied that it was not necessary for him to sue but the company would give him light work and treatments and settle with him afterwards. Plaintiff did no work for defendant after January, 1928, nor does the record show that defendant furnished him any treatments after that time. He then had over two years to begin action.

Plaintiff further testified that on the occasion in 1927 he told Kuss his time was short and he wanted to settle and Kuss replied that if he ever decided to sue, the company would not raise the question of time. He stated that in June, 1928, Remington, defendant's general superintendent, and again in March, 1930, Kuss, told him that if he decided to sue, the company would not raise the question of time. Plaintiff contends that defendant is estopped from pleading the statute of limitations because it lulled him into a sense of security and he permitted the statute to begin to run in reliance on defendant's promises.

We need not discuss all the claims of infirmity in plaintiff's contention. Two are sufficient.

Plaintiff relies on *Renackowsky* v. *Board of Water Com'rs of Detroit,* 122 Mich. 613, in which, however,

the board had adopted a resolution to pay the plaintiff before, and rescinded it after, the statute of limitations had commenced to run. After discussing this and numerous other cases the court said in *Klass* v. *City of Detroit,* 129 Mich. 35 (95 Am. St. Rep. 407):

"It is apparent from the foregoing that the usual rules pertaining to estoppel should be applied in such cases, and that the defendant will not be precluded from availing himself of such defense unless it can be fairly said that he is responsible for deceiving the plaintiff, and inducing him to postpone action upon some reasonably well-grounded belief that his claim will be adjusted if he does not sue. In both of the cases cited by counsel such estoppel rested upon a promise to pay, and in one, if not both, there was an express promise not to sue, induced by the promise to pay."

In the instant case there was neither a promise to pay nor a promise not to sue, and the time for settlement, according to plaintiff's statement of it, evidently was due and unfulfilled two years before the statute of limitations had force.

An essential of estoppel, reliance on defendant's promise, is lacking here, not merely for failure of express testimony of such reliance but for inherent impossibility.

Defendant made no representations of facts to plaintiff. Plaintiff had superior knowledge of his own age. He knew the time in which he was required to begin suit because in 1927 he told Kuss his time was short. In claiming that he commenced the action seasonably he conclusively established the fact that he acted upon his own knowledge and judgment. To create an estoppel out of a finding by a jury that his testified claim of age was wrong, it would be

necessary to produce the impossible situation that
the finding of the jury operated retroactively to the
time the statute commenced to run, wiped from plain-
tiff's mind his own knowledge of his age, substituted
for it a belief that he was a year older than he
thought and claimed he was, and injected into his
consciousness the intention to permit the statute to
run upon faith in defendant's promise. In *Sonnen-
feld* v. *Rosenthal-Sloan Millinery Co.*, 241 Mo. 309
(145 S. W. 430), the court stated the proposition
more succinctly:

"We think that so far as the petition pleads an
estoppel, it furnishes the answer thereto. It is use-
less to say that plaintiff was lulled into a sense of
security by the promises of defendant not to plead
the statute of limitations, for the petition states that
plaintiff did bring suit within the time allowed for
bringing the suit."

The court erred in recognizing the claimed estop-
pel as an issue of the case.

Defendant contends the employment should be
held nonhazardous as a matter of law because it was
ordinary common labor and not " 'fraught with or
exposed to hazard, peril, danger, or risk, in the ordi-
nary course of conduct.' " *Radic* v. *Thomas Jack-
son & Co.*, 178 Mich. 618.

A witness who was general foreman over the work
in 1924 testified that, in order to do the job, it was
necessary for plaintiff to put one foot on the hub of
the cart wheel and the other on the pile of boards and
that it was dangerous at all times because it was
hard to handle the stock. The place was poorly
lighted. The stock sometimes came fast on the con-
veyor. It was of great variety of size and weight.
It is a fair argument that the employment contained

two inherent hazards because of the manner in which it was performed—that of the foot slipping off the hub and that of the loose boards giving way, because the footing was not solid, the position was unusual and continually changing, thereby shifting plaintiff's center of gravity and producing unstable fulcrums as he used different degrees of muscular strength in handling the stock. Under the circumstances, whether the employment was hazardous was a question for the jury. *Gee* v. *Brunt,* 214 Mich. 679; *Sterling* v. *Union Carbide Co.,* 142 Mich. 284; *Great Lakes Laundry Co.* v. *Ætna Life Ins. Co.,* 184 Mich. 294; *Radic* v. *Thomas Jackson & Co., supra.*

Defendant's contention that plaintiff was guilty of contributory negligence as a matter of law because he was hurt when lifting a board which he knew or should have known he could not handle is untenable. The danger either in the place or the method of operation was not so clearly apparent that plaintiff must be held as a matter of law to have known it and to have had it in mind at the time of the injury. The question was for the jury. *Kucinski* v. *City Laundry & Cleaning Works,* 242 Mich. 352; *Gwitt* v. *Foss,* 230 Mich. 8; *Radic* v. *Thomas Jackson & Co., supra.*

Defendant contends plaintiff was not hired by defendant in 1924 because plaintiff testified that when the employment manager hired him he said he was 17 years old and the manager said he would mark the age on the employment card as 20 years so there would be no trouble. Defendant relies upon the rule that an employer is not bound by misrepresentations to it by its agent and known to the other party.

The record does not show that defendant did not know the truth. It discloses no limitations on the manager's authority to employ. Plaintiff was not originally hired to engage in a hazardous employ-

ment. Defendant filed a report of the accident with the department of labor and industry, thereby recognizing plaintiff as an employee. The record does not present even an issue of fact upon defendant's contention in this respect.

Defendant contends plaintiff failed to prove that the alleged injury was the proximate cause of the arthritis which has produced his present physical condition.

There was medical testimony that plaintiff had a diseased prostate and infected teeth, either of which could have caused the arthritis. Plaintiff elicited from his medical witnesses that the accident "could" have caused plaintiff's condition or "it is possible" it did. Defendant contends that such testimony is not evidence that the condition was not caused by the prostate or teeth. Plaintiff used the method of examination declared proper in *DeHaan* v. *Winter,* 258 Mich. 293, and *DeGroot* v. *Winter,* 261 Mich. 660, and thereby raised an issue for the jury. Moreover, either on examination by defendant's counsel or without objection, some of the doctors expressed the direct opinion that the accident was the cause of the arthritis or was an exciting factor of it, thereby satisfying the dissenting opinion in the *DeGroot Case.*

Defendant raises several minor points. Most of them are finally disposed of by our ruling on estoppel. Others are either clearly untenable on established and familiar rules or are of a character which usually rise in the heat of a trial and are not likely to appear on a new trial.

Reversed, with costs and new trial.

North, C. J., and Fead, Wiest, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.